Bienvenido AROCHO, Plaintiff,
Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 81–1012.

United States Court of Appeals,
First Circuit.

Submitted Sept. 4, 1981.

Decided Feb. 5, 1982.

Manuel Medina Jaca and Hector Rafael Diaz Gonzalez, Rio Piedras, P. R., on brief, for plaintiff, appellant.

Raymond L. Acosta, U. S. Atty., and E. M. De Jesus, Asst. U. S. Atty., San Juan, P. R., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, ALDRICH and BREYER, Circuit Judges.

COFFIN, Chief Judge.

Appellant applied for medical disability benefits under the Social Security Act in 1973, 1976, and 1977. All three applications were denied and the third denial became the decision of the Secretary of Health and Human Services when it was approved by the Appeals Council on February 29, 1980. This action was instituted when appellant sought review of the Secretary's decision in the district court under § 205(g) of the Social Security Act (42 U.S.C. § 405(g)). The United States District Court for the District of Puerto Rico entered judgment for the Secretary and this appeal followed.

Appellant claims a number of symptoms which, he says, indicate his disability. These include back pains, swelling of the legs, occasional dizzy spells, numbness in his legs, weakness in his left arm, nervous problems manifested by shakiness and cold hands, and arthritis and poor circulation.

It seems uncontradicted that appellant has some back problems of long-standing duration. The real question in this appeal is whether those problems are severe enough to be regarded as disabling under the Act, either by themselves or in combination with his psychological problems.

 It was conceded that appellant is not able to perform any of his prior jobs. The Secretary therefore had the burden of coming forward with evidence of specific jobs in the national economy that he can perform. *Hernandez v. Weinberger*, 493 F.2d 1120, 1122 (1st Cir. 1974). The Secretary usually seeks to meet that burden, as in this case, by relying on the testimony of a vocational expert. *See Ramos v. Secretary*, 514 F.Supp. 57, 64 (D.P.R.1981). But in order for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from the medical authorities. To guarantee that correspondence, the Administrative Law Judge must both clarify the outputs (deciding what testimony will be credited and resolving ambiguities), and accurately transmit the clarified output to the expert in the form of assumptions. In this case, both clarification and transmission were inadequate.

The expert listed a number of jobs that would be available, in response to the following question:

ALJ "Assume for the following hypothetical question that the claimant can do sedentary work in which he can alternate position, sit or stand, with the skills learned from his previous work which are transferable to this type of sedentary work, what work could he perform with the transferable residual capacity that the claimant has?"

The problem with the question is that it inadequately conveys to the expert the precise time limits on the claimant's daily activities.

At the hearing the claimant testified that he could not remain seated for more than half an hour.[1] The record includes reports from an orthopedist, an orthopedic surgeon, a neurologist, and a psychiatrist, who had all examined him after November 1977. The orthopedic surgeon reported that appellant was "permanently disabled" and "unemployable". The orthopedist reported that appellant could perform the sorts of activities listed as "sedentary" in 20 C.F.R. § 404.1567(a) (1981), but that his endurance was limited. On a questionnaire that asked, "In an 8-hr. workday, claimant can: (circle full capacity for *each* )", the orthopedist circled the number "3" after "sit", "3" after "stand", and "2" after "walk". (See Appendix) The neurologist, whose report was relied on most heavily by the Administrative Law Judge, responded to a similar questionnaire by circling "2" after "sit", "2" after "stand", and "2" after "walk".

 The foregoing testimony constitutes the only evidence of record concerning the claimant's ability to work a full eight-hour day. The claimant and orthopedic surgeon unambiguously implied that he could not work a full eight-hour day. However, the orthopedist's and neurologist's reports are ambiguous on their faces. On the one hand, their responses to the questionnaire could be understood as describing capacities that are totally independent of one another (e.g., the orthopedist might have been saying that the claimant can walk for 2 hours in an eight-hour day, no matter whether he also stands for 3 hours in that time period or does not stand at all). On the other hand, the responses could be understood as describing the claimant's fullest capacity for each activity, based on an assumption

---

1. He also testified that he was in *constant* pain, testimony that the Administrative Law Judge supportably rejected.

that no other demands would be placed on him during the workday (e.g., the orthopedist might have been saying that the claimant can spend up to three hours sitting or standing, but if he is required to walk he can only be off his back for two hours).

The ALJ's report failed to clarify this ambiguity. It says that the orthopedist found that claimant can "sit and stand for 3 hours, walk for 2 hours" and the neurologist found that he can "sit, stand and walk for 2 hours". On remand, we expect that the Secretary will apply his special experience with such questionnaires and determine whether the responses described maximal capacities that do not depend on what else claimant does during the day, or maximal capacities that depend on the absence of other activity.

Nor are we able to infer from the ALJ's question that he chose one interpretation rather than the other. For even if we assume that he interpreted the evidence in the manner that ascribes the most capacity to the claimant,[2] he could only have concluded that the claimant could work a full eight-hours on the assumption that the available job allows him to spend exactly 3 hours standing, 3 hours sitting, and 2 hours walking. Yet that assumption was clearly not transmitted to the vocational expert. The hypothetical asked only about jobs in which the claimant could "alternate position, sit or stand". The vocational expert's list of jobs ("bottle line inspector", "torque inspector", "punch press operator") was not accompanied by a statement either that such jobs are available on a part-time basis, *compare Lizotte v. Secretary*, 654 F.2d 127, 131 (1st Cir. 1981), or that such jobs can be performed while walking.

Of course, "work may be substantial even if it is done on a part-time basis." 20 C.F.R. § 404.1572(a). What we are missing here is relevant testimony that substantial work exists in the national economy, commensurate with appellant's particular capacities. We remand to the Secretary for clarification of those capacities and for further inquiry into their relationship to the national economy.

*Vacated and remanded.*

## APPENDIX

PHYSICAL CAPACITIES EVALUATION

Name of Claimant_____BIENVENIDO AROCHO_____SSN___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_ 215

IMPORTANT: PLEASE COMPLETE THE FOLLOWING ITEMS BASED ON YOUR CLINICAL EVALUATIONS OF THE CLAIMANT AND OTHER TESTING RESULTS - ANY ITEM THAT YOU DO NOT BELIEVE YOU CAN ANSWER SHOULD BE MARKED N/A (Not answerable)

1) In an 8-hr. work day, claimant can: (Circle full capacity for each)

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | SIT | 1 | 2 | ③ | 4 | 5 | 6 | 7 | 8 | No. of Hours |
| b. | STAND | 1 | 2 | ③ | 4 | 5 | 6 | 7 | 8 | No. of Hours |
| c. | WALK | 1 | ② | 3 | 4 | 5 | 6 | 7 | 8 | No. of Hours |

2) Claimant can lift:

| | | NEVER | OCCASIONALLY | FREQUENTLY | CONTINUOUSLY |
|---|---|---|---|---|---|
| a. | Up to 10 lbs. | ( ) | (✗) | ( ) | ( ) |
| b. | 11-20 lbs. | (✗) | ( ) | ( ) | ( ) |
| c. | 21-50 lbs. | (✗) | ( ) | ( ) | ( ) |
| d. | 51-100 lbs. | (✗) | ( ) | ( ) | ( ) |

3) Claimant can use hands for repetitive action such as:

| | | SIMPLE GRASPING | PUSHING & PULLING | FINE MANIPULATING |
|---|---|---|---|---|
| a. | Right | (✗) Yes ( ) No | ( ) Yes (✗) No | (✗) Yes ( ) No |
| b. | Left | (✗) Yes ( ) No | ( ) Yes (✗) No | (✗) Yes ( ) No |

2. This is not to suggest that such a presumption may be employed by the Administrative Law Judge in evaluating evidence, *see Money v. Califano*, 470 F.Supp. 636, 641 (D.Ark.1979), or that explicit findings are unnecessary, *see Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979).

**4) Claimant can use feet for repetitive movements as in operating foot controls:**

| RIGHT | LEFT | BOTH |
|---|---|---|
| (__) Yes (X) No | (__) Yes (X) No | (__) Yes (X) No |

**5) Claimant is able to:**

| | NOT AT ALL | OCCASIONALLY | FREQUENTLY |
|---|---|---|---|
| a. Bend | (X) | ( ) | ( ) |
| b. Squat | (X) | ( ) | ( ) |
| c. Crawl | (X) | ( ) | ( ) |
| d. Climb | (X) | ( ) | ( ) |
| e. Reach above shoulder level | (X) | ( ) | ( ) |

**6) Restriction of activities involving:**

| | NONE | MILD | MODERATE | TOTAL |
|---|---|---|---|---|
| a. Unprotected heights | ( ) | ( ) | ( ) | (X) |
| b. Being around moving machinery | ( ) | ( ) | ( ) | (X) |
| c. Driving automotive equipment | ( ) | ( ) | ( ) | (X) |
| d. Exposure to marked changes in temperature & humidity | ( ) | ( ) | ( ) | (X) |
| e. Exposure to dust, fumes & gases | (__) | (__) | (__) | (X) |

REMARKS ON ABOVE, OR OTHER FUNCTIONAL LIMITATIONS:

DATE 4/3/__ SIGNATURE OF PHYSICIAN _____

DDD-180 (6/76)

EXHIBIT ___35