Jeannine SEAVEY, Plaintiff,

v.

Margaret M. HECKLER, in her capacity as Secretary of the United States Department of Health & Human Services, Defendant.

Civ. No. 83–0326 P.

United States District Court, D. Maine.

Sept. 28, 1984.

Nicholas C. Scaccia, Sanford, Maine, for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Maine, for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This is an action brought under 42 U.S.C. § 405(g) for review of the final decision of the Secretary of Health & Human Services, which denied Plaintiff's application for a period of disability and for disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. An Administrative Law Judge (ALJ) decided that the Plaintiff was entitled to a period of disability and to disability insurance benefits. The Appeals Council reversed the ALJ's decision, finding that the Plaintiff did not have a severe impairment within the meaning of 20 C.F.R. § 404.-1521. Plaintiff has exhausted her administrative remedies. She filed a Motion for Summary Judgment and Defendant filed a Motion for an Order Affirming the Decision of the Secretary. The case is before the Court upon these motions.

The standard of this Court's review is whether the determination made by the

Secretary is supported by substantial evidence. 42 U.S.C. § 405(g); *Lizotte v. Secretary of Health & Human Services*, 654 F.2d 127, 128 (1st Cir.1981). The determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Court has thoroughly reviewed the transcript of the administrative proceedings, the exhibits presented, the decisions of the ALJ and the Appeals Council, and the briefs of counsel. After careful consideration, the Court finds that there is not substantial evidence to support the Secretary's decision that claimant was not disabled within the meaning of the Social Security Act.

Plaintiff filed an application for disability on January 26, 1982. The basis for her claim of disability is an injury she suffered to her left knee in 1977. Plaintiff continued to work until May of 1981, but claims that she had to stop because the pain became disabling. She had surgery on her knee in November of 1981, but complains that severe pain has continued.

The ALJ's decision was based upon the medical reports of at least four different doctors and the testimony of the claimant at a hearing. The ALJ found claimant's testimony regarding restrictions upon her activities caused by knee pain to be credible and "reasonably related to her knee impairments." He found that Plaintiff's knee impairments and chronic pain significantly limited her physical ability to do basic work activities.

The ALJ further found:

The medical evidence establishes that the claimant has severe post-traumatic scar tissue and fibrositis of the left leg and knee, status post excision of the pes bursa of the left knee, and chronic severe knee pain, but that she does not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4.

The ALJ concluded that claimant's severe impairment prevented her from doing her past relevant work or any other work and, thus, found her to be disabled.

The Appeals Council reviewed the ALJ's decision on its own motion. *See* 20 C.F.R. § 404.969. The Appeals Council reviewed the medical records and determined that the "severity of the claimant's complaints and symptoms are not supported by the medical signs and findings." The Council found that the claimant's complaints of disabling pain were not credible and determined that the claimant did not have any impairment which significantly limited her ability to perform basic work related functions. Because the Council found that the impairment was not "severe" within the meaning of 20 C.F.R. § 404.1521, it refused her application for disability benefits.

Although the Appeals Council did not expressly state its grounds for review, it is apparent that the Council found that the ALJ's decision was not supported by substantial evidence. *See* 20 C.F.R. § 404.970(a)(3). The Council is not in any way bound by the findings of the ALJ. The Council is free to independently weigh the evidence and arrive at its own findings and conclusions. *Oldham v. Secretary of Health and Human Services*, 718 F.2d 507, 510 (1st Cir.1983). This Court must determine whether the final decision of the Secretary—in this case, the decision of the Appeals Council—is supported by substantial evidence.

The critical question here is whether the claimant's testimony as to the disabling effects of her pain is credible. Plaintiff testified that she has chronic severe pain in her left knee. She testified that she cannot stand for more than fifteen to twenty minutes at a time, nor sit for more than fifteen minutes at a time. She testified that she cannot do many household chores, including laundry, vacuuming, and preparing meals. She takes medication and receives occasional shots of cortisone to relieve the pain, but she finds that the shots of corti-

sone are painful in themselves, and only provide relief for about one week.

The Appeals Council found that these complaints were not credible. This finding was based upon the reports of several physicians who either treated or examined the Plaintiff. The finding of the Appeals Council is not supported by the record.

First, the record contains ample medical evidence to support Plaintiff's subjective complaints. Ross W. Green, M.D. and Peter J. Leadley, M.D., the Disability Determination Service's reviewing physicians, agreed in April and May of 1982 that the claimant suffered a severe impairment at that time but anticipated that it would be non-severe twelve months after the date of the surgery.[1]

Prior to her surgery, in October 1981, Donald M. Booth, M.D., a board-certified orthopedic surgeon, found that Plaintiff suffered from "resistant, ongoing, pes anserine bursitis." In recommending surgical excision, Dr. Booth noted that there was no assurance that the bursitis or medical pain would not continue and that the anterior and anterolateral pain would not be affected by the surgery.

Patrick A. Dowling, M.D., who performed the surgery in November 1981, found upon examination of the Plaintiff in April 1982 that her severe pain continued and that there was tenderness in the knee. Dr. Dowling injected her knee with xylocaine and cortisone to relieve the pain. In September of 1982, Dr. Dowling opined that the Plaintiff was unable to stand or walk for periods exceeding twenty minutes without a similar period of rest.

Following a consultative examination in December of 1982, John P. Greene, M.D., a board-certified orthopedic surgeon, noted that Plaintiff walks with a left leg limp. He found that there was slight soft tissue thickening, thickening in the area of the scar, and tenderness in the area of the scar of Plaintiff's knee. He found that there was full extension of the left knee with

5–10 degrees limitation of flexion. He noted that the objective evidence of disability is "quite minimal," and that her complaints are "largely subjective and, therefore, difficult to assess." He concluded:

Although as a result of a single examination, I have no reason to disbelieve her statements in this regard. It would appear that under the present circumstances, employment would be extremely difficult since she cannot sit or stand for any significant length of time in one place and has to keep changing her position or getting up and walking around at frequent intervals.

In sum, while the treating and examining physicians may have had difficulty pinpointing the precise cause of Plaintiff's pain, there is no question that she had an objectively verifiable impairment to her left knee which required at least one surgical procedure. *MacDonald v. Heckler*, Civil No. 83–0461–P. (D.Me. Aug. 8, 1984). Not one of the examining physicians questioned the sincerity of Plaintiff's complaints of severe pain. Their reports were in no way inconsistent with the testimony of the claimant. Moreover, Plaintiff's testimony is internally consistent. She engages in no activities that would indicate that her complaints of pain are fabricated. In short, there is nothing in the record that undermines her credibility.

There is no question that the Appeals Council has the *power* to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary has the duty of making all findings of fact. *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 386 (6th Cir.1978). The observation of the Sixth Circuit in *Beavers* is relevant here:

Since the statutorily-mandated deference to findings of fact runs in favor of the Secretary, not the Administrative Law Judge, the Appeals Council has the power to do so even if the Administrative Law Judge has determined otherwise. Nevertheless, this court still has the re-

---

1. The ALJ disregarded the doctors' prognosis that the claimant's impairment would become non-severe "because no foundation has been given by such physicians for their conclusions."

sponsibility of determining whether there is substantial evidence to support the Appeals Council's decision, and when the Administrative Law Judge has concluded that a witness's testimony is credible, that is an important factor to consider. The notion that special deference is owed to a credibility finding by a trier of fact is deeply imbedded in our law. The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.

*Id.* at 386–87. The Court in *Beavers* continued:

If the Appeals Council concludes that it must disagree with the credibility findings of an Administrative Law Judge, then it may do so, but only if there is substantial evidence undercutting the reliability of the testimony, evidence which "a reasonable mind might accept as adequate to support a conclusion" that the Administrative Law Judge was wrong about the credibility of the witness, in spite of the advantage of having heard the testimony and lived with the case. *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

*Id.* at 388.

The record in this case contains no basis to question the credibility of Plaintiff. The credibility of Plaintiff is the critical consideration in this case. Since the ALJ had the opportunity to question and observe the demeanor of Plaintiff, he is uniquely situated to determine her credibility. *Monroig v. Secretary of Health and Human Services,* 538 F.Supp. 710 (D.P.R.1982); *cf., Lobis v. Secretary of United States Air Force,* 519 F.2d 304 (1st Cir.1975). He has decided that she is credible. The record is barren of substantial evidence to undercut this conclusion. *See Beavers,* 577 F.2d at 388. If the Appeals Council can disregard the credibility findings of the ALJ in the absence of substantial evidence supporting the Council's finding, the claimant's statutorily-guaranteed right to a hearing would have little meaning. *See* 42 U.S.C. § 405(b).

The Appeals Council, by finding that Plaintiff's impairment was not severe, based its determination upon the second step in the sequential analysis set forth in the Social Security Regulations. 20 C.F.R. § 404.1520(c). The Secretary's finding that the claimant is not suffering from a severe impairment must be reversed. The case is to be remanded to the Secretary for completion of the evaluation process to determine whether or not this claimant is disabled.

Accordingly, it is ORDERED that the decision of the Secretary is VACATED and that this case is REMANDED to the Secretary for further proceedings.

So ORDERED.