**Michael G. TIBBETTS, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. No. 82–0208 P.

United States District Court, D. Maine.

April 23, 1985.

James R. Crotteau, Bangor, Me., for plaintiff.

Paul D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Secretary of Health and Human Services which denied Plaintiff's applications for disability insurance benefits and supplemental security income benefits. Plaintiff is a 32-year-old man who alleges that he became disabled in June 1979 as a result of several psychological and physical impairments. The Secretary denied his applications in a final decision on May 10, 1982. Plaintiff obtained judicial review of the Secretary's decision, and this Court remanded to the Secretary for further findings. Order Remanding Action to Secretary, Civil No. 82–0208–P (March 31, 1983) (per Cyr, C.J.). The Court ordered the Secretary to "determine whether plaintiff's nonexertional impairments are significant enough to limit his ability to perform some jobs in his strength category which are not contraindicated by his exertional impairments" and to "make more detailed findings that plaintiff does not have an impairment equivalent" to those listed in Sections 12.00(B)(2) or 12.-00(B)(3)(b) of Appendix 1 to 20 C.F.R. Part 404, Subpart P. *Id.* at 14.

Upon remand, the Appeals Council remanded to the Administrative Law Judge (ALJ) for the taking of further evidence. The ALJ recommended that Plaintiff's application be denied, and the Appeals Council adopted the recommended decision of the ALJ. Plaintiff again sought judicial review and has raised several challenges to the ALJ's decision.

The ALJ found that Plaintiff has a severe depressive disorder, recurrent shoulder dislocations, a hiatal hernia, mild chronic headaches, a possible personality disorder and minor side effects from prescribed medication, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1 to Subpart P, 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(d). He found that Plaintiff has the residual functional capacity to work, except for lifting over 10 pounds, working around stress or tension, working around dangerous machinery, or working in jobs requiring more than minimal interpersonal contact. He found that Plaintiff cannot perform his past relevant work, *see* 20 C.F.R. § 404.-1520(e), but that he does have the residual functional capacity to perform jobs existing in significant numbers in the regional economy.

### I.

The ALJ found that Plaintiff's chronic headaches impose no significant functional restrictions upon Plaintiff. Record at 176. Plaintiff contends that this finding is not supported by substantial evidence.

Three medical experts noted the existence of Plaintiff's chronic headaches. *See* Record at 262, 264, 274. At least one physician, M. Eisengart, M.D., suggested that the headaches may be caused by tension and his psychological problems. Record at 262. The medical reports cited by Plaintiff do not, however, contain conclusions as to the degree to which the headaches may cause functional restrictions.

The only evidence cited by Plaintiff which directly supports his contention that the headaches cause significant functional restrictions is the testimony of Plaintiff. On questioning by the ALJ, Plaintiff testified:

A   These throw off my judgment, I'm very (inaudible), anything at all will make me nauseous.

Q   When you say your judgment is thrown off, can you describe that a little more?

A   It seems like (inaudible). It seems like how you miss, it's further away than it actually is. I sometimes stagger. It throws my equilibrium right off.

Q   Do you ever get nauseous with migranes [sic]?

A   Yes (inaudible).

Q   Is there any pain associated with these headaches?

A   Yes, it's very intense pain. Just, sometimes I think it's about to break open your head. I just can't stand it.

Record at 193. Plaintiff testified that the frequency and duration of his headaches "depends upon the stress and tension," but that he gets approximately two headaches a week, and that they last as long as a week. Record at 194, 195.

The ALJ found that Plaintiff suffers from chronic headaches, but he disbelieved Plaintiff's testimony as to their severity and frequency. Record at 176. He found Plaintiff's testimony to be inconsistent with the objective medical evidence. *Id.*

Plaintiff argues that his testimony as to the severity and frequency of the headaches is uncontradicted, and that the ALJ's refusal to believe it was not supported by substantial evidence.

The Claimant has the burden of proving that he is disabled. 20 C.F.R. § 404.-1512(a); *Reyes Robles v. Finch*, 409 F.2d 84, 86 (1st Cir.1969). In this case, the only evidence concerning the disabling effects of Plaintiff's headaches is Plaintiff's own testimony as quoted and paraphrased above. Plaintiff's brief testimony concerning his headaches includes no description of the extent to which they restrict his activities. The testimony, if fully credited, could support an inference that the headaches do significantly restrict his functioning. The ALJ, however, did not give full credit to his testimony. This the ALJ is entitled to do, even though the testimony is not contradicted by medical evidence. *See Reyes Robles v. Finch*, 409 F.2d 84, 87 (1st Cir.1969). The ALJ, as hearing examiner, is particularly well situated to evaluate credibility, and a reviewing Court will rarely upset such findings. *See Seavey v. Heckler*, 594 F.Supp. 587 (D.Me.1984); *Monroig v. Secretary of Health and Human Services*, 538 F.Supp. 710 (D.P.R.1982). Issues of credibility and the drawing of permissible inferences are the prime responsibility of the Secretary. *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir.1965). Therefore, this Court will not disturb the Secretary's findings as to the disabling effects of Plaintiff's headaches.

Plaintiff relies on this Court's decision in *Seavey* to support his argument that the Secretary cannot disregard uncontradicted testimony as to pain. *Seavey* is distinguishable. In *Seavey*, the ALJ had determined after questioning the claimant that her extensive testimony as to the disabling effects of her pain *was* credible. This finding was overturned by the Appeals Council, which had no opportunity to observe the

claimant's testimony. The Court concluded that the Appeals Council had no basis to upset the ALJ's credibility finding. Likewise, the Court will not upset the ALJ's credibility finding in this case.

■ As an alternative means of attacking the ALJ's finding regarding the effects of Plaintiff's headaches, Plaintiff argues that the ALJ used an improper standard in assessing the evidence. Plaintiff gains nothing by this argument. The ALJ's finding that Plaintiff's headaches do not cause significant functional restrictions is properly supported by the record. A reasonable mind, reviewing the record as a whole, could accept it as adequate to support the ALJ's conclusion. *See Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981). This Court is to go no further in reviewing the decision of the Secretary.

## II.

■ Plaintiff contends that in several instances in his decision the ALJ improperly supplied expert evidence. He argues that the ALJ erroneously refused to acknowledge that the headaches are psychologically caused. The ALJ did note that there were no neurological or other objective findings establishing a severe headache impairment. Record at 176. He did not, however, expressly rule out a psychological cause. He merely noted the absence of evidence supporting Plaintiff's testimony as to the headaches' severity and frequency. The ALJ's failure to make a finding as to the cause of the headaches does not undermine his conclusion as to their disabling effects. There was no error in the ALJ's approach; as noted above, his finding regarding the headaches was supported by substantial evidence.

Plaintiff also contends that the ALJ improperly based his finding as to whether Plaintiff's impairment met or equaled the listings upon his observations of the Plaintiff. *See Steffanick v. Heckler*, 570 F.Supp. 420, 426 (D.Md.1983). The ALJ did find Plaintiff's appearance and performance at the hearing to be inconsistent with a conclusion that his depressive disorder has functional significance. Record at 177. The ALJ, however, also cited the reports of three medical experts, H. Wayne Tobin, M.D., a psychiatrist; Frank A. Wood, Ph.D., a clinical psychologist; and Carlyle B. Voss, M.D., the Medical Advisor, in support of his conclusion. Record at 176, 177. Accordingly, there was substantial evidence, apart from the ALJ's observations of the claimant, supporting his finding that the claimant's impairments did not meet or equal the listings.

■ Plaintiff further argues that the ALJ improperly reached conclusions as to the presence of dangerous machinery in certain jobs which he found Plaintiff could successfully perform. The ALJ found that Plaintiff could not work with dangerous machinery. Record at 179. However, he failed to include this limitation in the hypothetical he posed to the vocational expert at the hearing. *See* Record at 219. He utilized the vocational expert's detailed descriptions of jobs the claimant could perform to determine which ones involved the use of dangerous machinery. Record at 179. Plaintiff argues that the ALJ was incompetent to determine whether the jobs involve dangerous machinery. Having heard an expert's description of the machinery involved in several jobs, however, the ALJ had sufficient evidence to make findings as to the danger involved. His approach was cautious; he expressly excluded one job, that of press folder and feeder, because the vocational expert "did not describe the specific mechanism of this machine." Record at 179. It is clear that the ALJ's findings were properly based on competent testimony and inferences drawn therefrom.

## III.

Plaintiff argues that the hypothetical the ALJ posed to the vocational expert did not describe his functional limitations with sufficient particularity, and that, therefore, the expert's opinion is irrelevant under the standard of *Arocho v. Secretary of Health and Human Services*, 670 F.2d 374 (1st

Cir.1982). *Arocho* provides that in order for an answer to a hypothetical question to be relevant, the question must fairly state the conclusions drawn from the medical evidence.

Here, the ALJ acknowledged in his decision that he did not tell the vocational expert that Plaintiff could not work around dangerous machinery. Record at 179. But the ALJ expressly noted this additional restriction when analyzing the conclusions of the expert. *Id.* As noted above, he considered the restriction when he made his findings as to jobs the Plaintiff could perform. Therefore, the expert's opinion was relevant to the extent that it was relied upon by the ALJ.

Plaintiff argues that the ALJ also omitted from his hypothetical evidence regarding Plaintiff's tendency to explosive behavior, migraine headaches and withdrawal. Because he found the headaches imposed no significant functional restrictions, *see supra,* the ALJ had no reason to include them in the hypothetical. The evidence indicates that Plaintiff's occasional explosive behavior and tendency to withdraw are brought on by stress, tension and contact with people. Record at 265, 269. The ALJ asked the vocational expert to assume that Plaintiff has a nonexertional impairment "which limits him from employment situations of a stressful nature, from employment situations where tension would be a factor, from employment situations where there are lots of people involved, people contact situations in other words." Record at 219. Thus the ALJ adequately accounted for Plaintiff's explosive behavior and tendency to withdraw by indicating that he could not work in stressful situations, which would be likely to produce such reactions. Therefore, the ALJ's omission of these psychological reactions from his hypothetical question was not erroneous.

Accordingly, it is ORDERED that the decision of the Secretary of Health and Human Services be, and is hereby, AFFIRMED.

So ORDERED.