Gambino v. HHS                    CV-93-592-B    02/09/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Carol Gambino

                    v.                                No. 93-592-B

Donna E. Shalala,
Secretary of Health and
Human Services


**O R D E R**

Carol Gambino challenges a decision by the Secretary of
Health and Human Services denying her application for disability
benefits.  She contends that the Administrative Law Judge's
("ALJ") determination at Step Five of the sequential analysis,
finding that she was not disabled, is not supported by
substantial evidence.  Because I find substantial evidence in the
record supporting the Secretary's decision that the claimant was
not disabled during the period of her insurance coverage, I
affirm the decision.


**I. BACKGROUND**[1]

Gambino injured her back at work on September 23, 1985.  She

---

[1]  Unless otherwise indicated, the facts are taken from the
stipulated facts filed jointly by the parties in response to the
court's order.

was diagnosed with disc herniation and underwent surgery in December 1985.  Following surgery, she continued to suffer bouts of back pain, occasional back spasms, loss of strength, and numbness in her right leg.[2]

Gambino originally filed an application for disability benefits in 1987, which was denied.[3]  She filed the present application on March 9, 1992, alleging that she had been unable to work since her back injury in September 1985.  Her application was denied by the Social Security Administration and was denied again after a _de novo_ hearing and reconsideration by the ALJ.  Her request to reopen the prior adverse determination on her 1987 application was also denied for lack of good cause.  In the

---

[2] Gambino's eligibility for disability insurance coverage expired on March 31, 1991.  In April 1991, she was diagnosed with disseminated lymphoma.  Because her treating oncologist could not date the start or the effects of the lymphoma before her eligibility for disability insurance coverage expired, only the effects of her back injury, and not the lymphoma are relevant to a determination of her application.

[3] The ALJ denied Gambino's request to reopen the original application.  Nevertheless, he ruled on her current application covering the same period after considering all of the relevant evidence and without giving preclusive effect to the decision denying the original application.  Accordingly, the ALJ's refusal to reopen the original application, even if it was incorrect, had no effect on Gambino's entitlement to benefits.  Thus, I need not consider Gambino's claim that the ALJ erred by refusing to reopen the original application.

evaluation process, the ALJ found that Gambino's impairment, although severe, did not meet or equal any impairment found in the Listings of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and was therefore not presumptively disabling under § 404.1520(d). The ALJ also found that Gambino's residual functional capacity would allow her to perform sedentary work in a clean environment requiring low degrees of concentration to accommodate her pain levels, if she could change position every thirty minutes. With those requirements and based on the vocational expert's testimony, the ALJ determined that Gambino would not be able to return to any of her past work, but would be able to perform other jobs, such as an unskilled sedentary security guard position. The ALJ found that a significant number of jobs which Gambino could perform existed in the national economy and that she was not disabled. The Appeals Council denied her request for review, making the Secretary's decision final. Gambino asks that I reverse and remand, contending that the Secretary's decision is not supported by substantial evidence.

## II. <u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C.A. § 405(g), the court is empowered to "enter, upon the pleadings and transcript of the record, a

judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In reviewing a Social Security decision, the factual findings of the Secretary "shall be conclusive if supported by 'substantial evidence.'" Ortiz v. Secretary of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (quoting 42 U.S.C. § 405(g)). Thus, the court must "'uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Secretary's] conclusion.'" Id. (quoting Rodriguez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). Moreover, it is the Secretary's responsibility to "determine issues of credibility and to draw inferences from the record evidence," and "the resolution of conflicts in the evidence is for the Secretary, not the courts." Ortiz, 955 F.2d at 769. If the facts would allow different inferences, the court will affirm the Secretary's choice unless the inference drawn is unsupported by the evidence. Rodriguez Pagan v. Secretary of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987), cert. denied, 484 U.S. 1012 (1988).

## III.  DISCUSSION

The Secretary concluded that Gambino was not disabled at

4

Step Five of the sequential evaluation process as provided by 20 C.F.R. § 1520. At Step Five, the Secretary has the burden of showing that, despite the severity of claimant's impairments and inability to return to past relevant work, she retains the residual functional capacity to do alternative work in one or more occupations that exist in significant numbers in the region where the claimant lives or in the national economy. Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991); Keating v. Secretary of Health & Human Servs., 848 F.2d 271, 276 (1st Cir. 1988) (citing 42 U.S.C. § 423(d)(2)(A) and 20 C.F.R. § 404.1566(b)). The Secretary must show that claimant's limitations do not prevent her from engaging in substantial gainful work, but she need not show that claimant could actually find a job. Keating, 848 F.2d at 276 ("[t]he standard is not employability, but capacity to do the job"). Gambino argues that the ALJ erred in making a determination of no disability because (1) he improperly discounted Gambino's subjective complaints of pain, causing him to overestimate her residual functional capacity ("RFC"), and (2) the ALJ erroneously concluded that Gambino's RFC allowed her to work in a security guard job identified by the vocational

expert.  I address each of these arguments in turn.[4]

A.    **Subjective Pain Complaints**

Subjective complaints of pain are evaluated in light of all of the evidence.  42 U.S.C.A. § 423(d)(5)(A); 20 C.F.R. § 4041529(c)(4); <u>Avery v. Secretary of Health & Human Serv.</u>, 797 F.2d 19, 23 (1st Cir. 1986).  In determining the weight to be given to allegations of pain, "complaints of pain need not be precisely corroborated by objective findings, but they must be consistent with medical findings."  <u>Dupuis v. Secretary of Health & Human Serv.</u>, 869 F.2d 622, 623 (1st Cir. 1989).  If the ALJ has considered all relevant evidence of claimant's pain, including both objective medical findings and detailed descriptions of the effect of pain on claimant's daily activities, "[t]he credibility determination by the ALJ, who observed the claimant, evaluated [her] demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when

---

[4] Gambino also contends that a significant number of security guard jobs do not exist in New Hampshire.  However, since she has not attempted to develop this contention, I deem it waived. <u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir.) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."), <u>cert. denied</u>, 494 U.S. 1082 (1990).

supported by specific findings." <u>Frustaglia v. Secretary of Health & Human Servs.</u>, 829 F.2d 192, 195 (1st Cir. 1987).

Here, the ALJ determined that Gambino's complaints of disabling pain were inconsistent with the medical evidence in the record. Specifically, although the ALJ acknowledged Gambino experienced pain resulting from her condition, he found that the reports from Gambino's treating physicians showed she had made "satisfactory progress following her surgery on December 18, 1985" and that Gambino testified that she was able to sit and stand for durational periods of up to thirty minutes. The ALJ also found that Gambino's then current level of fatigue was due to her treatment for lymphoma which began after her last insured date. The ALJ also partially took account of Gambino's pain complaints by concluding that her RFC required work accommodations allowing her to change from sitting to standing every thirty minutes, a clean environment, and low degrees of concentration to accommodate intermittent distraction from pain and the side-effects of occasional use of pain medication.

Evaluating a claimant's credibility and resolving conflicts in the evidence is the ALJ's province. <u>See</u> <u>Evangelista v. Secretary of Health & Human Servs.</u>, 826 F.2d 136, 141 (1st Cir. 1987). Granting the ALJ's credibility and evidentiary

7

determinations the proper deference, I find sufficient substantial evidence in the record to sustain his evaluation of Gambino's subjective pain complaints.

B.   **The Security Guard Job**

Gambino argues that the RFC followed by the ALJ in the hypothetical question which elicited the security guard position was unsupported by medical evidence in the record.  I disagree. Although the reports and medical evidence from Gambino's treating physicians would require a more restricted RFC, the non-examining physician's assessment, affirmed by a second non-examining physician, requires fewer restrictions than the ALJ imposed. First Circuit law does not require that an ALJ give greater weight to a treating physician's opinion.  Arroyo v. Secretary of HHS, 932 F.2d 82, 89 (1st Cir. 1991).  In this case, the ALJ did not ignore all of the medical evidence and, in effect, substitute his own judgment of Gambino's RFC in place of uncontroverted medical opinion.  Cf. Rosado v. Secretary of Health & Human Servs., 807 F.2d 292, 293 (1st Cir. 1986) (holding that ALJ is not qualified to make his own RFC assessment from medical findings).  I find that the RFC used by the ALJ was supported by substantial evidence in the record from the opinions of Gambino's treating physicians and from the non-examining physicians, and

8

from Gambino's testimony.

Gambino also contends that her pain limitations would prevent her from performing the duties of a security guard. She argues that working as a security guard requires prolonged sitting, which she cannot do. Also, analogizing a security guard position to the conditions present in her former work, which the ALJ determined she could no longer perform, she concluded that she was unable to work in a security guard position. In essence, Gambino invites another reevaluation of her credibility and the record evidence by challenging the components of the ALJ's hypothetical question to the vocational expert.

If the hypothetical posed to the vocational expert accurately reflects the claimant's abilities and limitations, the vocational expert's response constitutes substantial evidence to sustain the Secretary's burden of proof at Step Five. See Arocho v. Secretary of Health & Human Servs., 670 F.2d 374 (1st Cir. 1983). Here, the ALJ provided a hypothetical individual with ability to do sedentary work, but requiring a change of position every thirty minutes, a need to avoid an unclean atmosphere, and limited to low-level concentration work. As discussed above, although Gambino disagrees, the record supports her abilities and limitations as described by the ALJ's hypothetical. Hence, the

9

vocational expert's opinion that she could work as a security guard adequately supports the Secretary's conclusion that Gambino was not disabled as of March 1991.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, claimant's motion to reverse and remand the Secretary's decision (document no. 9) is denied and the Secretary's motion to affirm (document no. 8) is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

February 9, 1995

cc: Patrick Walsh, Esq.
    Raymond Kelly, Esq.