USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1515 ANTONIO RIVERA GARAY, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Juan R. Requena Davila, Raymond Rivera Esteves and Juan A. _________________________ _______________________ ________ Hernandez Rivera on brief for appellant. ________________ Guillermo Gil, United States Attorney, Maria Hortensia Rios, _____________ ______________________ Assistant United States Attorney, and Robert M. Peckrill, Assistant ___________________ Regional Counsel, Department of Health & Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. Claimant Antonio Rivera Garay filed an __________ application for social security disability benefits on January 9, 1990, alleging disability due to a back and leg condition, associated pain, and an anxiety disorder. After a hearing, the Administrative Law Judge (ALJ) conceded that claimant had a severe impairment or impairments, but concluded that claimant was not disabled at step 4 of the sequential evaluation process, 20 C.F.R. 404.1520(e), on the ground that claimant's impairments did not preclude his return to his former job as a lottery ticket vendor. The ALJ based this determination on the testimony of a vocational expert at the hearing that an individual with claimant's impairments, as described by the ALJ, could perform that job. After the Appeals Council denied claimant's request for review of the ALJ's decision, claimant appealed to the district court, which affirmed. On appeal to this court, claimant argues that the Secretary's decision is not supported by substantial evidence. We agree, and we direct a remand to the Secretary for the taking of additional vocational evidence. Background __________ -2- We review the Secretary's decision under a "substantial evidence" standard; we will affirm that decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The ALJ's __________ _______ determination that claimant could perform his past work was based on the vocational expert's answers to hypothetical questions posed by the ALJ. We must, therefore, examine the soundness of those questions' premises. If the premises are supported by substantial evidence in the record, then the vocational expert's responses constitute substantial evidence to support the ALJ's vocational determination that claimant's impairment do not preclude his former work. If the premises lack record support, then the vocational expert's responses are not substantial evidence. "[I]n order for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from the medical authorities." Arocho v. Secretary of Health and ______ _________________________ Human Services, 670 F.2d 374, 375 (1st Cir. 1982). ______________ The ALJ described claimant's exertional impairment to the vocational expert as follows: [C]onsidering the claimant's age, education and working experience; considering that he can alternate positions, can perform fine and gross manipulation, he can push and pull up to 25 pounds, frequently. That he can occasionally lift more than 25 pounds. That -3- he would be limited in the use of foot controls, but that he could bend, squat, he could pull and push the weight mentioned before. If this is the situation, are there jobs in a significant number that a person like the one we have described before could do? The vocational expert responded that claimant could return to his former job as a lottery ticket vendor. The ALJ then added a hypothetical directed to claimant's mental impairment, asking, "And if we added a mental condition where the memory seems preserved, the recent, remote and immediate memory is present, there is good attention, concentration, mental capacity, good judgment, good introversion. Would your opinion vary at all?" The vocational expert responded that it would not. Finally, the ALJ asked, "And if we gave credibility to the claimant's complaints as indicated here today, that he feels pain in the leg, that the left leg gets numb, that the knee fails him, that he has to use a cane, that he has chest pains, that he likes to be alone, that he hears voices. If we gave credibility to these complaints, would your appreciation change at all?" The vocational expert responded that claimant could not perform his past job in that condition. Claimant's Exertional Impairment ________________________________ -4- Substantial record evidence exists to support the ALJ's description of claimant's exertional impairment. Two non-examining physicians, Dr. Fragoso and Dr. Hernandez, reviewed the record and assessed claimant's residual functional capacity. Both found that claimant could lift and carry up to 50 pounds, 25 pounds frequently; could sit, walk, and stand up to six hours each day; could push and pull; had no manipulative limitations; and could climb, balance, stoop, kneel, crouch and crawl at least occasionally. These medical findings, which constituted the only medical assessments of claimant's residual exertional capacity in the record, adequately supported the ALJ's hypothetical. It is true that the weight to be given the residual functional capacity assessments of non-examining physicians "will vary with the circumstances, including the nature of the illness and the information provided the expert." Rodriguez v. Secretary of Health and Human Services, 647 F.2d _________ ______________________________________ 218, 223 (1st Cir. 1981). Claimant's benefits application, however, was denied at step 4, and at step 4 it is ordinarily claimant's burden, not the Secretary's, to produce evidence to demonstrate that he cannot return to his former work. Gray v. Heckler, 760 F.2d 369, 375 (1st Cir. 1985). Since ____ _______ claimant was represented by counsel, there is no justification here for a departure from that rule. See ___ Currier v. Secretary of Health, Education and Welfare, 612 _______ ____________________________________________ -5- F.2d 594, 598 (1st Cir. 1980). The onus was on claimant, therefore, to introduce additional residual functional capacity assessments relevant to the step 4 determination. Claimant having failed to do so, the Secretary was entitled to rely on the assessments of these non-examining physicians. Claimant's Allegations of Pain ______________________________ We also find no error in the ALJ's treatment of claimant's subjective complaints of pain. The exertional aspects of claimant's pain, associated with claimant's back and leg condition, are covered by our above remarks. It was partly because of claimant's "pain or discomfort related to back syndrome" that the ALJ concluded that claimant faced the exertional limitations the ALJ outlined in her hypothetical to the vocational expert. As for the non-exertional aspects of claimant's pain, we find that the ALJ conducted the kind of inquiry into claimant's allegations of pain required by Avery v. Secretary _____ _________ of Health and Human Services, 797 F.2d 19 (1st Cir. 1986), _____________________________ and that the ALJ's decision to discredit allegations of disabling pain was supported by substantial evidence. The record supports, and claimant has not challenged, the ALJ's findings that claimant "has been taking medication on his own, has not been going for treatment consistently and he -6- should complain to the treating sources so that corrective action may be undertaken such as prescribe a substitute medication, decreasing the frequency or the dosage of the medication or orienting the claimant in terms of taking medication consistently." The ALJ also permissibly relied on her own observations at the hearing that claimant "had a cane, but he did not appear to actually need it for support. He admitted that such cane was not prescribed by any medical source and that he bought it on his own. He was able to sit, stand up and exercise body control with no significant limitations." This evidence adequately supported the ALJ's finding, as reflected in her hypotheticals to the vocational expert, that claimant did not suffer from significant pain beyond that which contributed to his exertional limitations. Claimant's Mental Impairment ____________________________ The deficiency in the Secretary's determination concerns the ALJ's description of claimant's mental impairment in the ALJ's hypothetical to the vocational expert. The hypothetical merely stated that claimant had a mental condition, without any description of any specific mental impairment or any specific functional consequences. The hypothetical then went on to list a number of areas in which claimant's mental capabilities were found to be normal. -7- As claimant argues in his brief on appeal, "the subject hypothetical having to do with appellant's mental condition poses no mental impairment at all." The medical evidence does not permit claimant's mental condition to be ignored in this manner. Even the psychological evaluation most favorable to the Secretary, that of Dr. Orlando Maldonado Rodriguez conducted on March 7, 1990, found a "mild anxiety disorder." It did not discuss what, if any, functional limitations that disorder posed. The two assessments by non-examining agency review physicians of claimant's residual mental capacity, provided by Dr. Reboredo and Dr. Jeanette Maldonado, found that claimant had a severe anxiety-related disorder which imposed "moderate" limitations in various functional areas, including the following: maintaining attention and concentration for extended periods, performing within a schedule, maintaining regular attendance and punctuality, completing a normal work day or week without interruption from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, interacting appropriately with the general public, getting along with co- workers without distracting them or exhibiting behavioral extremes, and responding appropriately to changes in a work setting. Of particular relevance, given claimant's past work as a lottery ticket salesman and the ALJ's denial of -8- benefits on the ground that claimant could still perform that job, Dr. Reboredor wrote that claimant "cannot relate to public . . . on a steady basis," and Dr. Jeanette Maldonado expressed a similar view. The ALJ herself specifically concluded in her decision that claimant has "some anxiety related disorder although it is mild to moderate in nature," and that he could not "perform . . . complex tasks with detailed instructions." The ALJ failed to address, however, what affect the moderate limitations on, for example, dealing with the public and completing a normal workday would have on claimant's ability to perform his past work as a salesman. Although we recognize that the medical evidence supported the ALJ's finding of a "mild to moderate" mental disorder, the hypothetical presented to the ALJ -- which effectively described no mental limitation at all -- was at odds with the medical evidence and with the ALJ's own finding. It may be that claimant's former job could be performed by an individual with claimant's "mild to moderate" mental impairment. This court is certainly not qualified to make that determination nor is it clear why the ALJ was entitled to do so in the absence of expert vocational testimony. Such was not obtained here and, if there is some basis on which the ALJ was justified in disregarding or -9- discounting the medical evidence as to mental disorder, that explanation is not set forth in the ALJ' decision. Conclusion __________ For the reasons stated above, the judgment of the district court is vacated. We remand this case to the _______ district court with instructions to remand to the Secretary for further proceedings, which may include the taking of additional vocational evidence, not inconsistent with this opinion. -10-