USCA1 Opinion

 

 December 14, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1646  DAVIS VELEZ, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves on brief for appellant. ______________________ Guillermo Gil, United States Attorney, Maria Hortensia Rios, ______________ ______________________ Assistant United States Attorney, and Nancy B. Salafia, Assistant _________________ Regional Counsel, Social Security Administration, on brief for appellee. ____________________ ____________________ Per Curiam. Davis Velez appeals from a district court __________ judgment affirming a decision of the Secretary of Health and Human Services denying Velez's application for social security disability benefits. We affirm. Velez applied for social security benefits on September 10, 1992, alleging that he could not work due to "nerves, back, and ankle pain." After a hearing, an Adminstrative Law Judge (ALJ) concluded that Velez has a severe combination of impairments with a history of herniated nucleus pulposus and depression and anxiety related disorders. He also found that Velez is unable to perform his past work. However, the ALJ concluded that Velez has the residual functional capacity for light work, exclusive of jobs requiring him to perform complex tasks or to have frequent contact with the public. Finally, the ALJ ruled that, based on the testimony of a vocational expert (VE) and application of the Grid, Velez is not disabled because there are light, unskilled jobs that he can perform.  Velez does not argue on appeal that he lacks the physical capacity for light work. Instead, he argues that the ALJ erred in his findings regarding Velez's mental capacity. We review the Secretary's decision under a "substantial evidence" standard; we will affirm that decision if it is supported by "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 __________ _______ (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. ________________________ ____ 197, 229 (1938)); see also Rodriguez Pagan v. Secretary of ________ _______________ ____________ Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per ______________________ curiam), cert. denied, 484 U.S. 1012 (1988).  ____________ The medical record reveals that Velez was seen at the Mental Health Center in Arecibo on July 28, 1992. Although Velez appeared anxious and somewhat depressed, he was also cooperative, logical, and coherent with apparently normal intellect. He was diagnosed as suffering from adjustment problems, with depressive mood, and was prescribed medication. Between September 11, 1992 and January 22, 1993, Velez was seen on six occasions at the State Insurance Fund in connection with his mental condition. On October 7, 1992, Dr. Lopez Cumpiano evaluated Velez and diagnosed him as suffering from anxiety disorder with depressive traits. Although Dr. Lopez noted that Velez reported episodes of auditive and visual hallucinations, he found that Velez was in contact with reality and presented no thought disturbances. He also found that Velez was clear and oriented, with fair memory, unimpaired judgment, fair insight, and preserved intellectual ability. The remaining records from the State Insurance Fund are not very informative, but Velez is consistently described as alert and oriented.  On November 10, 1992, Velez was examined by Dr. Mojica Sandoz, a consultant to the Secretary. Dr. Mojica observed -3- that Velez was markedly anxious and tense, and that his movements were somewhat slow. However, Dr. Mojica found that Velez was accessible, cooperative, and frank, and that he did not show any difficulty in establishing adequate and lasting interpersonal relationships. He further found that Velez had adequate capacity to pay attention and to concentrate, was oriented, functioned with an average intellectual makeup, and had adequate judgment and memory. The diagnosis was moderate, generalized anxiety disorder.  A non-examining medical consultant to the Secretary reviewed much of this evidence and completed both a Psychiatric Review Technique form and a Mental Residual Functional Capacity Assessment. Although the consultant noted some moderate limitations on various capacities required for unskilled work, he reached the general conclusion that Velez is capable of functioning in a non- demanding work environment--with simple instructions, routines, and decisions--as long as Velez is not required to have frequent contact with the general public.1 These latter limitations were reflected in a hypothetical posed to the VE, who, in turn, identified specific jobs in the local  ____________________ 1. A second consultant, who apparently reviewed all of the evidence, agreed with the first consultant's conclusions without additional comment. -4- economy that Velez could perform.2 Under the circumstances, we think that there is substantial evidence to support the Secretary's finding of no disability. We add that since the ALJ adopted the consultant's general conclusions regarding Velez's mental limitations, any differences in the boxes checked on the Psychiatric Review Technique form by the ALJ and the consultant are of no consequence.  Affirmed. _________  ____________________ 2. Velez suggests that the hypothetical posed to the VE was incomplete since it did not include all of the moderate limitations noted by the consultant. See Arocho v. Secretary ___ ______ _________ of Health & Human Servs., 670 F.2d 374, 375 (1st Cir. 1982) _________________________ (hypothetical must accurately reflect claimant's limitations). This argument was not presented to the district court, and we deem it waived. See, e.g., Sandstrom ___ ____ _________ v. Chemlawn Corp., 904 F.2d 83, 87 (1st Cir. 1990). In any ______________ event, we think that the consultant's findings regarding these moderate limitations were subsumed in his general conclusion, and that the hypothetical accurately reflected this conclusion.  -5-