Jose A. SANCHEZ, Plaintiff,

v.

Jo Anne BARNHART, Commissioner of Social Security, Defendant.

Civil No. 02–1528 (JAG).

United States District Court, D. Puerto Rico.

Oct. 31, 2002.

Salvador Medina–De–La–Cruz, San Juan, PR, for Plaintiff.

Camille L. Velez–Rive, United States Attorney's Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

On April 9, 2002, plaintiff Jose A. Sanchez ("Sanchez") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final

---

1. Alejandro J. Cepeda–Díaz, a third-year student at the University of Puerto Rico School

determination rendered by the Commissioner denying him disability insurance benefits (Docket No. 1). Both parties have filed memoranda in support of their respective positions (Docket Nos. 11, 12). Upon review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court affirms the Commissioner's decision.

## FACTUAL BACKGROUND

Sanchez was born on November 13, 1952. He has a university education and worked as a garden owner, general contractor, and warehouse administrator. On July 14, 1998, Sanchez filed an application for disability and disability insurance benefits alleging an inability to work since May 28, 1997, due to a back condition. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On October 26, 1999, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Sanchez was not under a disability. On March 1, 2002, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner, subject to judicial review.

## DISCUSSION

■ To establish entitlement to benefits, Sanchez bears the burden of proving that he became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir. 1982). Sanchez may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a

continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). His impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Sanchez must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS*, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Sanchez's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

■ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

■ The ALJ in this case determined that Sanchez could perform sedentary work. In reaching this conclusion, the ALJ expressly discarded the assessment made by consultants at the State Agency that Sanchez could perform within the medium work range, although he agreed with their opinion that Sanchez was not disabled.[2] Moreover, the ALJ concluded that

---

of Law, assisted in the research and preparation of this opinion.

**2.** The Court notes that the ALJ erred in expressly rejecting opinions of the consultants at the State Agency that Sanchez could per-

form within the medium work range. The ALJ, as a lay person, cannot ignore evidence or judge matters entrusted to experts. *See Nguyen*, 172 F.3d at 35. The error, however, was harmless.

Sanchez had established that he could not perform his past relevant work as a garden owner, general contractor, or as a warehouse administrator on a sustained basis. (*See* Tr. 19–23.) Once Sanchez meets his burden, the Commissioner must show that there are other jobs existing in significant numbers in the national economy which Sanchez can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Seavey v. Barnhart,* 276 F.3d 1, 5 (1st Cir.2001); *Arocho v. Secretary of HHS,* 670 F.2d 374, 375 (1st Cir.1982).

■■■ The ALJ invoked the Medical–Vocational Guidelines (the "Grid"), 20 C.F.R. pt. 404, subpt. P, App. 2, tables 1–3 (2001), in order to show that Sanchez could perform other work. The Commissioner can use the Grid to meet her burden if the applicant's limitations are exclusively exertional. *See Seavey,* 276 F.3d at 5.

> However, if the applicant has nonexertional limitations (such as mental, sensory, or skin impairments, or environmental restrictions such as an inability to tolerate dust) that restrict his ability to perform jobs he would otherwise be capable of performing, then the Grid is only a "framework to guide [the] decision."

*Id.* (citations omitted). "Pain can constitute a significant non-exertional impairment which precludes naked application of the Grid and requires use of a vocational expert." *Nguyen,* 172 F.3d at 36. *See also Heggarty v. Sullivan,* 947 F.2d 990, 995 (1st Cir.1991); *Burgos Lopez v. Secretary of HHS,* 747 F.2d 37, 41–42 (1st Cir. 1984); *Gagnon v. Secretary of HHS,* 666 F.2d 662, 664, 666 n. 8 (1st Cir.1981). "The inability to remain seated may constitute an exertional impairment which significantly erodes the occupational base for sedentary work and requires use of additional vocational resources." *Nguyen,* 172 F.3d at 36. *See also, Rose v. Shalala,* 34 F.3d 13, 19 (1st Cir.1994); Social Security Ruling 96–9p, 61 Fed.Reg. 34478 (July 2, 1996)(vocational specialist may be required where period between regularly-scheduled breaks exceeds capacity to remain seated).

Sanchez argues that the decision in *Nguyen,* where the First Circuit reversed the district court's affirmance of the ALJ's determination that claimant was not disabled, is applicable to this case. In *Nguyen,* as here, the ALJ determined that claimant had discharged his burden of establishing that a severe impairment prevented him from resuming his former occupation; conceded that claimants' condition was painful; found that claimant suffered no significant exertional or nonexertional impairments which limited his capacity to perform the full range of sedentary work; reasoned that the reports of both the examining physician and claimant concerning the severity of claimant's pain and inability to remain seated were exaggerated; and invoked the Grid to prove claimant was not disabled. *Id.* at 34. The First Circuit remanded the case because "the ALJ's finding that claimant was capable of performing the full range of sedentary work without any significant impairments was not supported by the record." *Id.* at 36. Furthermore, "the error invalidated the ALJ's application of the Grid to discharge his burden of proving that claimant was employable." *Id.* Thus, the Court must first examine whether the ALJ's determination that Sanchez could perform sedentary work is supported by the record before deciding whether application of the Grid was proper.

■■■ The Court finds that the ALJ's determination that Sanchez is not disabled is supported by the record. The ALJ, after evaluating the record as a whole,

concluded that Sanchez did not suffer from constant pain, but rather that he has suffered from periods of exacerbation of his disc condition. (*See* Tr. 22). As opposed to the claimant in *Nguyen,* Sanchez did not constantly seek treatment for his condition. There are large gaps of time after the surgical procedure in November 1997 for which there is no evidence that Sanchez sought treatment or complained of pain. *See Nguyen,* 172 F.3d at 36; *Cf. Dupuis v. Secretary of HHS,* 869 F.2d 622, 624 (1st Cir.1989). The record further shows that during these periods of exacerbation Sanchez frequently sought treatment. The ALJ could discard Sanchez's claims of constant pain because they were inconsistent with the medical evidence on record. Therefore, the evidence on the record supports a finding that Sanchez could perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), except during periods of exacerbation, which, the record shows, are far apart and amenable to treatment.

■ The question that remains for the Court to consider is whether application of the Grid was proper in this case. The Court finds that it was. In *Nguyen,* the Court held that application of the Grid was improper because the evidence on record did not support the ALJ's determination that claimant was not impaired from performing sedentary work. Here, however, the Court has found that the record supports that determination.

> On this record the ALJ was entitled to discount the severity of the pain complaints and conclude that the pain claimant experienced, which was amenable to medication ... did not significantly diminish his ability to perform most jobs in the sedentary range. The use of the grid in this case was proper, and the ALJ was not required to call upon a vocational expert.

*Perez Torres v. Secretary of HHS,* 890 F.2d 1251, 1255 (1st Cir.1989) (citations omitted). Therefore, the Court must affirm the Commissioner's decision.

### CONCLUSION

For the foregoing reasons, the Commissioner's decision denying Sanchez's disability insurance benefits is affirmed. Judgment shall enter accordingly.

IT IS SO ORDERED.