Bruce W. KEATING, Sr.,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 87–1506.

United States Court of Appeals,
First Circuit.

Submitted Nov. 6, 1987.

Decided March 31, 1988.

Thomas R. McNaboe, Robert F. Montgomery, and Thompson, McNaboe, Ashley & Bull on brief for plaintiff, appellant.

Nancy B. Salafia, Asst. Regional Counsel, Dept. of Health and Human Services, Richard S. Cohen, U.S. Atty., and Paula D. Silsby, Asst. U.S. Atty., on brief for defendant, appellee.

Before COFFIN, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Bruce Keating appeals the order and judgment of the district court accepting the report of a United States Magistrate which recommended affirming the Secretary of Health and Human Services' decision that the appellant is not disabled from performing certain sedentary work, and that jobs compatible with the claimant's abilities exist in significant numbers in the economy.

## I.

Keating was 43 years old when he filed his application for social security disability benefits in November, 1983. He had been a mechanic at a car dealership for over twenty years prior to August, 1982 when he stopped working due to a back injury suffered while attempting to lift a tire. After denial at the initial and reconsideration stage, a hearing was held in October, 1984, and the Administrative Law Judge (ALJ) issued a decision denying benefits in January, 1985. (T. 21–28). The Appeals Council, after considering additional reports from the claimant's treating physician, his psychologist and his vocational counsellor, approved the ALJ's decision in May, 1985. The claimant sought review, 42 U.S.C. § 405(g), in the United States District Court, but, pursuant to the Secretary's unopposed motion, the case was remanded to the ALJ to consider the effect of the revised mental impairment criteria as required by the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 5; 1985 U.S.Code Cong. & Ad. News (98 Stat.) 1801–02. In June, 1986, the claimant requested a supplemental hearing to give updated testimony regarding his condition and submitted a new report by his treating physician, and three reports by his psychologist.

The ALJ issued a second decision on July 17, 1986 which stated that only the claimant's mental condition was at issue on remand and that he would not consider the treating doctor's latest report. Based upon the three submissions from the claimant's

psychologist, the ALJ decided that another hearing was unnecessary, and that the claimant's reactive depression, found earlier by the ALJ, had improved and resolved. Except for this revised finding, the ALJ adopted and incorporated his prior decision. (T. 223–229). That decision concluded that the claimant suffered from severe back pain status following his 1975 spinal surgery with episodic left leg pain and also from a mild reactive depression, but that he could perform a narrow range of sedentary work despite his limitations, and that a vocational expert had identified specific jobs which existed in significant numbers the economy which the claimant could perform. The ALJ, for the most part, credited the claimant's testimony regarding pain, only discrediting his asserted need to lie down every few hours because it was unsubstantiated by any medical evidence and contrary to the opinion of the testifying medical advisor. (T. 26). In his first decision in January, 1985, the ALJ found that the claimant's mild reactive depression would not affect his ability to communicate with the public. (T. 28). In the second decision in July, 1986, the ALJ based his conclusion that the mild reactive depression had resolved upon the fact that, in the intervening year or so, the claimant had been seeing his psychologist, Dr. Milardo, infrequently, and that the evidence showed that the claimant's mental condition caused virtually no functional restrictions. (T. 226–27).

The district court referred the case to a magistrate, who issued a Report and Recommendation Decision in March, 1987. The claimant filed objections, but the district court, after de novo review, accepted the magistrate's recommendations and affirmed the Secretary's decision.

## II.

Before reaching the merits of Keating's appeal, we first must determine if the claimant waived his right to appellate review of certain issues, either because they were not raised before the magistrate, *Borden v. Secretary of Health and Human Services*, 836 F.2d 4, 6 (1st Cir.1987), citing *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890 (1st Cir.1979), or because they were not encompassed by the claimant's objections to the magistrate's report as required by 28 U.S.C. § 636(b)(1)(C) and our procedural rule set out in *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980). We address each in turn.

### A.

First, we note that the appellant's brief contains arguments on a number of issues that were never raised before the magistrate, and thus were never before the district court. These issues are the right to a supplemental hearing on remand (Appellant's Brief at 9); the Secretary's failure to consider the combined impact of all the claimant's impairments pursuant to 42 U.S.C. § 423(d)(2)(C), (*id.* at 8–10); whether the Secretary, on remand, ignored "new evidence" when he concluded that the claimant's mild reactive depression had resolved, (*id.* at 11); that the ALJ completely disregarded the opinions of other doctors and physical therapists who had treated the claimant, (*id.* at 14); that the ALJ disregarded the claimant's subjective testimony, (*id.* at 16); and that the ALJ's hypothetical question to the vocational expert was defective. (*Id.* at 20–21).

We said in *Borden v. Secretary of Health and Human Services*, 836 F.2d 4 (1st Cir.1986):

> Parties must take before the magistrate "not only their 'best shot' but all of their shots" (citation omitted). This concept is premised on the same basis as the rule that an appellate court will not consider arguments not raised below except in the most compelling circumstances. *See Johnston v. Holiday Inns*, 595 F.2d 890, 894 (1st Cir.1979).

*Id.* at 6. We see no reason to depart from the rule. But even if we were to consider the six claimed errors, argued here for the first time, we would reach no different result.

■ First, we note that the claimant has not seriously challenged the finding of the ALJ, after remand, that his mild reactive depression had "resolved." (T. 228). Lim-

ited to one sentence in his brief, the appellant complains that the ALJ ignored the latest submissions of the claimant's psychologist, Dr. Milardo. However, the ALJ considered those reports in detail, (T. 225–28), and was entitled to take into account that none of them indicated any significant limitation on the claimant's ability to reason or to meet the mental demands of work, 20 C.F.R. § 404.1513, and, at most, suggested that he felt inadequate, insecure and apprehensive about returning to work on a full-time basis. (T. 337). Based on his finding that the three additional psychologists' reports showed that the claimant's reactive depression had improved and resolved since the earlier decision, a finding which is substantially supported in the record (T. 144–47, 192, 322, 336, 337), the ALJ decided against holding another hearing, stating that "testimony from the claimant at a supplemental hearing alleging a worsening emotional state would be inconsistent with Dr. Milardo's reports...." (T. 226). Since a second evidentiary hearing was not specifically required by the remand order, (App. 253–54), *see Rodriguez Pagan v. Secretary of Health and Human Services*, 819 F.2d 1, 4–5 (1st Cir.1987), and because the ALJ adequately considered all the claimant's medical evidence regarding his mental condition, there was no abuse of discretion in the particular circumstances of this case.

Second, at the hearing and in his first decision, the ALJ commented upon the reports of various doctors and therapists who, in addition to treating physician Klein, had seen the claimant. (T. 23, 72–73). Their opinions were not "completely disregarded." Third, the ALJ did take into consideration, throughout the sequential evaluation process, the combined effect of the claimant's physical complaints, including pain. (T. 25, 26, 27, 28). Finally, the hypothetical posed by the ALJ to the testifying vocational expert, (T. 77), is supported by substantial medical evidence and clearly conveyed the parameters of the claimant's restrictions. *See Arocho v. Secretary of Health and Human Services*, 670 F.2d 374, 375–76 (1st Cir.1982); *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir.1986).

### B.

Regarding those issues which were brought to the magistrate's attention, Local Rule 12 of the District of Maine requires any social security plaintiff to file a statement itemizing the specific errors upon which reversal of the Secretary's decision is sought. Loc.R. 12(b)(1). *Plaintiff's Statement of Specific Errors Requiring Reversal of Secretary's Decision*, (App. 274–82), sets out four errors: 1) that the ALJ improperly relied upon the testimony of a medical advisor, Dr. Barrett, who rendered an opinion that claimant's physical condition did not meet the criteria of § 1.05C of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1; 2) that the ALJ ignored the opinion of the claimant's treating physician, Dr. Klein, that the § 1.05 C criteria were met; 3) that the Secretary had not met his burden of proof to show the existence of alternative work that the claimant could perform, and 4) that the ALJ erroneously applied Social Security Ruling 83–19 in rejecting the opinion of a non-testifying medical advisor, Dr. Kunkle, that the claimant's condition was medically equivalent to the criteria of § 1.05 C. (T. 202–208).

The magistrate considered and rejected all four arguments. (App. 287–295). With respect to alternative work, however, the magistrate found that two jobs listed by the testifying vocational expert and adopted by the ALJ, *i.e.*, car rental clerk and auto salesman, were inappropriate or problematic for this claimant, but that the jobs of a hotel desk clerk and recreational facility attendant suited Keating's ability to perform a reduced range of sedentary work due to bending, reaching and twisting restrictions, and the need to alternate sitting and standing at will. The magistrate's report concluded that these latter two jobs existed in significant numbers and that the Secretary had proven that the claimant could do other work.

The claimant only objected to the magistrate's disposition of the second and third

claimed errors,—that the ALJ had not ignored the medical opinion of the treating physician, and that the Secretary had met his burden to prove that the claimant could do alternative work. (App. 297–301). The notice appended to the magistrate's report states in relevant part:

A party may file objections to those specified portions of a magistrate's report ... pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought.... Failure to file a timely objection shall constitute a waiver of the right to de novo, review by the district court and to appeal the district court's order.

(App. 295). The district court, after de novo review of the two specific portions of the report *to which objection had been taken,* adopted the magistrate's recommended disposition (emphasis in district court order, App. 306–7).

The appellant now appeals all four issues raised before the magistrate. The government argues that the rule set out in *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980) forecloses our review of unobjected to issues. The appellant in reply argues that *any* objection to the magistrate's report preserves all claims on appeal. We agree that only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal. *See Thomas v. Arn,* 474 U.S. 140, 147–48, 106 S.Ct. 466, 471–72, 88 L.Ed.2d 435 (1985).

The Federal Magistrate's Act provides that "a judge of the (district) court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983). Here, the notice by the magistrate adequately informed the claimant that failure to make all his specific objections would result in a waiver of further appellate review. Objecting to certain portions of a magistrate's report does not preserve all the objections one may have. *Wilson v. McMacken,* 786 F.2d 216, 220 (6th Cir.1986); *see also* Fed.R.Civ.P. 72(b). The district court could assume, absent objection, that the claimant acquiesced to the remaining portions of magistrate's recommendations. *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985); *Smith v. Detroit,* 829 F.2d 1370, 1374 (6th Cir.1987). The claimant's objections to the magistrate's disposition of two specific issues cannot, as he suggests, be fairly construed to include objections to the other two issues the magistrate had before him. *Cheshier v. Bowen,* 831 F.2d 687, 689 (7th Cir.1987). Nor have we been presented with any compelling reason to relax our rule in this case. Consequently, the appellant has waived our review of the ALJ's treatment of the testimony of medical advisor Barrett and the answers to interrogatories filed by another medical advisor, Dr. Kunkle.[1]

### III.

On the issue that treating physician evidence was ignored, the appellant contends that the ALJ failed to consider a report submitted by Dr. Klein concerning two visits to him in March, 1986. (T. 331–32). The report deals solely with treatment for back pain and was not relevant to the issues on remand. There was no error in this regard. The claimant argues that Dr. Klein's April 13, 1985 report was also ignored. In fact, it was considered by the Appeals Council as part of its decision to adopt the ALJ's first decision. (T. 5). Other than the March, 1986 report, which presents no new findings or diagnosis and is cumulative of others by Dr. Klein in the record, the ALJ considered all of Dr. Klein's medical evidence. That more weight was not given to those reports because he was the primary treating physician is not error. *Barrientos v. Secretary of Health and Human Services,* 820 F.2d

---

1. It is within the Secretary's domain to give greater weight to the testimony and reports of medical experts who are commissioned by the Secretary. *Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 130 (1st Cir. 1981).

1, 2–3 (1st Cir.1987). As the Secretary correctly notes, this was not a case of wholesale rejection by the ALJ of the treating physician's opinion. A treating physician's conclusions regarding total disability may be rejected by the Secretary especially when, as here, contradictory medical advisor evidence appears in the record. *Sitar v. Schweiker*, 671 F.2d 19, 22 (1st Cir.1982); *see* 20 C.F.R. § 404.1527.

## IV.

The claimant finally argues that the Secretary has failed to meet his burden to show that he could do alternative work, having previously determined that he could no longer do his previous work. To satisfy this burden, the Secretary must show that compatible work exists in one or more occupations and in significant numbers (not isolated jobs) in the region where the claimant lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(b). The standard is not employability, but capacity to do the job; "... not whether claimant could actually locate a job but whether health limitations would prevent him from engaging in substantial gainful work." *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 998 (1st Cir.1975).

The ALJ solicited opinions from the claimant's treating doctors regarding the claimant's capacity to work, (T. 83–84), but noted in his second decision that no such reports were submitted. (T. 227–28). No medical report found in the record indicates that the claimant is incapable of work or that he lacks the residual functional capacity to do the narrow range of sedentary work found by the ALJ. The appellant does not dispute the finding of the magistrate, adopted by the district court, that he can perform the duties of a hotel/motel clerk or a recreational facility attendant.[2] Nor does he dispute that such jobs exist in significant numbers in Maine.

The ALJ fully considered the claimant's particular limitations, including the need to alternatively sit and stand. The vocational expert provided relevant testimony. We agree with the magistrate and the district judge that substantial medical and vocational evidence exists showing that the claimant can perform work that exists in significant numbers in the economy.

*Affirmed.*

---

2. Although the report by the claimant's vocational counsellor stated that the claimant could only work part-time, (T. 342), the ALJ found that that conclusion was based upon the counsellor's premise that the claimant was "very depressed". The medical evidence does not support that diagnosis and because the counsellor was not an acceptable medical source, *see* 20 C.F.R. § 404.1513, the ALJ could reject the report.