35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William J. TONEY, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretaryof Healthand Human Services,
Defendant-Appellee.
 No. 94-1008.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 18, 1994.
Decided: August 29, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Mary S. Feinberg, Magistrate Judge. (CA-92-1030-5)
 John Simon Whitelaw, Appalachian Research and Defense Fund, Inc., Beckley, West Virginia, for Appellant.
 William B. Reeser, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania, for Appellee.
 Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Margaret J. Krecke, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania; Rebecca Betts, United States Attorney, Carol Casto, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS and WILLIAMS, Circuit Judges, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 William Toney appeals from the magistrate judge's order[1] granting the motion for summary judgment by the Secretary of Health and Human Services, thereby affirming the Secretary's denial of Toney's application for disability insurance benefits (DIB) and supplemental security income (SSI). Toney contends that the initial denial of his application for benefits was predicated on four errors committed by the administrative law judge (ALJ): the ALJ's inadequate hypothetical question to the vocational expert witness; his failure to develop a sufficient record at the hearing; his disregard of a report by psychologist Mary Sullivan-Walker summarizing her post-hearing psychological consultative examination of Toney; and his improper reliance on an unsigned report by psychologist John Koch summarizing his posthearing psychological examination of Toney. Finding no error, we affirm.
 
 
 2
 Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when, resolving all doubts as to the existence of a material fact against the movant, Langham-Hill Petroleum, Inc. v. Southern Fuels Co., 813 F.2d 1327, 1329 (4th Cir.), cert. denied, 484 U.S. 829 (1987), no rational trier of fact could find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). We review de novo an order granting a motion for summary judgment. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir.1990).
 
 
 3
 Toney first challenges the adequacy of the following hypothetical question posed by the ALJ to the vocational expert witness:
 
 
 4
 [A]ssume an individual, first with a physical capacity for work at a light exertional level, the age of alleged onset, 45 and 47 respectively, currently 48, General Equivalency Diploma and the, the work background you've described to us [emergency medical technician, hospital orderly, nurse's aide, truck driver, and coal miner], with additional limitations regarding the presence of some degree of allergy and pulmonary disorder that would preclude work around an exce--excessive amount of fumes, dust et cetera, also a history of some sort of surgery in the ear that would preclude work involving continuous excessive noise and a degree of situational anxiety that's mildly medicated that would preclude work involving--well, it would pretty much limit him to, to work that's relatively low stress. Are there jobs that an individual with that profile can perform that exist in the national economy in significant numbers?
 
 
 5
 (R. at 57-58.) The vocational expert responded by listing available "less stressful jobs that would be free from fumes and dust and excessive noise in the light category of physical demand that such a person could perform." (R. at 58.) Toney contends that the hypothetical question was deficient in its description of the mental impairments subsequently revealed in the psychological examinations by SullivanWalker and Koch.[2] We conclude that this claim is not properly before us. Toney has been represented by counsel throughout the pendency of these proceedings, but did not assert the inadequacy of the ALJ's hypothetical question until the instant appeal. By failing to raise this issue before either the Secretary or the district court as a basis for reversal of the denial of benefits, Toney has waived appellate review. Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992); Keating v. Secretary of Health & Human Servs., 848 F.2d 271, 275 (1st Cir.1988); Channel v. Heckler, 747 F.2d 577, 579 n. 2 (10th Cir.1984). Notwithstanding that waiver, we find that the ALJ's hypothetical question was indeed adequate. The question expressly excluded any employment with more than low stress, and thereby properly accommodated both Toney's situational anxiety/depression and the lack of demonstrated related functional limitations identified by the posthearing examinations.
 
 
 6
 Toney next argues that the ALJ failed to satisfy his duty to develop an adequate record. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986) (an ALJ has "a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate"). However, a claimant bears the burden of establishing a prima facie entitlement to benefits. See Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir.1981); see also 42 U.S.C.A. Sec. 423(d)(5)(A) (West 1991) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.") (emphasis added); Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987) (claimant bears the burden because he is "in a better position to provide information about his own medical condition"). Moreover, "it is the claimant who bears the risk of nonpersuasion." Seacrist v. Weinberger, 538 F.2d 1054, 1057 (4th Cir.1976).
 
 
 7
 In this case, the record before the ALJ was sufficient to warrant the determination that Toney was ineligible for DIB and SSI. Given the paucity of medical evidence, the ALJ ordered and considered a complete medical examination and evaluation of Toney by Dr. Gary Craft. Doctor Craft concluded that Toney lacked any physical disability. The ALJ permitted the two post-hearing psychological examinations by Sullivan-Walker and Koch and considered the resulting reports. Also at the ALJ's disposal was Toney's testimony, his complete employment history and medical records, and testimony by a vocational expert witness. We find that the ALJ satisfied his duty to produce an adequate and complete record.
 
 
 8
 Toney next contends that the ALJ improperly disregarded the psychological report completed by Sullivan-Walker. We find this argument to be similarly meritless. First, the ALJ only disregarded Sullivan-Walker's opinion that Toney's mental condition rendered him incapable of sustaining substantial gainful employment, and not the report itself. In reaching this conclusion, the ALJ summarized the two psychological reports filed by Sullivan-Walker and Koch, but noted Toney's failure to seek appropriate treatment for his condition, other than three prescriptions for drugs to calm his "nerves" obtained from general practitioners rather than psychiatric or psychological experts. The ALJ also focused on the fact that Toney's primary complaint related to back pain, and the absence of any evidence of neurological deficits.
 
 
 9
 Based on that evidence and the remaining record,[3] the ALJ concluded that Toney "has had depressinve [sic] and/or anxiety disorders ... situational in nature" that impose "only minimal limitations on his ability to function as evidenced by the psychological examiners who noted no impairment of judgment, no difficulty with speech and relating with the examiners, and no difficulty following directions." (R. at 14.) The ALJ found that the functional limitations caused by Toney's mental condition fell far short of the level of severity which would entitle Toney to benefits, and did not "impact upon his ability to perform unskilled work, the basic demands of which include the abilities (on a sustained basis), to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting," capabilities ascribed to Toney by both psychologists. (R. at 16.)
 
 
 10
 The ALJ's decision to disregard Sullivan-Walker's opinion of Toney's ability to engage in gainful employment was based on substantial evidence contained within the record. See Matney, 981 F.2d at 1019 ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ."). Sullivan-Walker undercut her own opinion by admitting that a clear diagnosis was difficult based on the evidence presented, and by failing to explain adequately how Toney--who, in her opinion, was "capable of managing his own financial affairs and of managing the routine tasks of daily independent living"--was otherwise incapable of gainful employment. (R. at 265.) Finally, the mental conditions Sullivan-Walker ascribed to Toney were not accompanied by any evidence of work-related functional limitations. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986) ("[A] psychological disorder is not necessarily disabling. There must be a showing of related functional loss."). Accordingly, we find that the ALJ properly considered the Sullivan-Walker report, and did not err in rejecting her opinion as to Toney's capacity for gainful employment.
 
 
 11
 Finally, Toney contends that the ALJ erred by relying on Koch's unsigned psychological examination report. It is true that consultative psychological reports must be signed by the psychologist who performed the examination, 20 C.F.R. Secs. 404.1519n(e), 416.919n(e) (1993), and that unsigned reports may not be used to deny benefits, 20 C.F.R. Secs. 404.1519o(b)(1), 416.919o(b)(1) (1993). However, as with Toney's first argument, this claim was not asserted before the magistrate judge, and is therefore ineligible for appellate review. Notwithstanding that waiver, our review of the record reveals that, even without Koch's report, substantial evidence existed to warrant denial of Toney's application for DIB and SSI. See 42 U.S.C.A. Sec. 405(g) (West Supp.1994). Hence, the ALJ's consideration of Koch's report constituted harmless error. See Fed.R.Civ.P. 61.
 
 
 12
 For the reasons stated herein, we find that the ALJ's conclusions were adequately supported by substantial evidence. We affirm the magistrate judge's order granting the Secretary's motion for summary judgment.
 
 AFFIRMED
 
 
 [1]
 The magistrate judge exercised jurisdiction in this case by consent of the parties. 28 U.S.C.A. Sec. 636(c)(1) (West 1993)
 
 
 [2]
 Sullivan-Walker diagnosed Toney as having a dysthymic disorder, which includes "any despondent mood or depressive tendency," Blakiston's Gould Medical Dictionary 420 (4th ed.1979), and a generalized anxiety disorder. Koch did not make a specific diagnosis but noted that, on the basis of several personality tests performed by both SullivanWalker and himself, Toney's profile indicated a depressed, insecure individual likely to experience anxiety in social situations. Koch also identified narcissistic and hypersensitive characteristics and a tendency to over-evaluate minor problems
 
 
 [3]
 In addition to considering the medical evidence and records, the ALJ described Toney's testimony pertaining to his daily activities (including housework and cooking), the tasks frequently performed for him by his sisters, and his admission that he does not go out often because of his lack of transportation and limited financial resources. Based on that evidence, the ALJ concluded that "[t]he limitations imposed on daily activities appear to be due to external factors not related to [Toney's] physical condition. His daily activities are limited not so much by physical discomfort as emotional dependency and habit of nonactivity." (R. at 15.)