45 F.3d 423
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Lourdes Chaulizant NIEVES, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 94-1887.
 United States Court of Appeals,
First Circuit.
 Jan. 23, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge
 Fabio A. Roman Garcia and Cordero, Gonzalez, Roman, Souto & Rodriguez on brief for appellant.
 Guillermo Gil, United States Attorney, Maria Hortensia Rios, Assistant United States Attorney, and Robert J. Triba, Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Lourdes Chaulizant Nieves appeals the order of the United States District Court for the District of Puerto Rico affirming the Secretary's denial of appellant's application for disability benefits. We have reviewed carefully the record in this case and the briefs of the parties. Essentially for the reasons given by the administrative law judge [ALJ] in his decision dated November 20, 1991, and by the magistrate judge in his report and recommendation dated May 17, 1994, we find the Secretary's decision to be supported by substantial evidence. We add only the following.
 
 
 2
 The only issue raised by appellant to the magistrate judge's report, and hence the only issue properly preserved for appeal, Keating v. Secretary of Health & Human Services, 848 F.2d 271, 274-75 (1st Cir. 1988), is that the Secretary failed to develop fully the facts related to appellant's claim of mental retardation and therefore that a remand was appropriate. See 42 U.S.C. Sec. 405(g). This court has not hesitated to insist that the Secretary bear a responsibility for adequate development of the record in appropriate cases. See, e.g., Evangelista v. Secretary of Health & Human Services, 826 F.2d 136, 142 (1st Cir. 1987).
 
 
 3
 Among the factors which this court has found increase the Secretary's responsibility to develop the record are appellant's being unrepresented at the hearing and the presentation of a claim which "itself seems on its face to be substantial." See Currier v. Secretary of Health, Education & Welfare, 612 F.2d 594, 598 (1st Cir. 1980). In this case, appellant was represented by counsel at the hearing before the ALJ. Moreover, appellant presented no medical evidence of a mental impairment nor did she or her counsel ever claim that a mental impairment had prevented her from being able to work. Finally, neither appellant nor counsel ever requested the ALJ to schedule a consultative examination on appellant's mental condition. In these circumstances, the Secretary was under no obligation sua sponte to develop the record.
 
 
 4
 Affirmed.