USCA1 Opinion

 

 January 23, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1887 LOURDES CHAULIZANT NIEVES, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Fabio A. Roman Garcia and Cordero, Gonzalez, Roman, Souto & _______________________ ____________________________________ Rodriguez on brief for appellant. _________ Guillermo Gil, United States Attorney, Maria Hortensia Rios, _____________ ______________________ Assistant United States Attorney, and Robert J. Triba, Assistant ________________ Regional Counsel, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant Lourdes Chaulizant Nieves appeals __________ the order of the United States District Court for the District of Puerto Rico affirming the Secretary's denial of appellant's application for disability benefits. We have reviewed carefully the record in this case and the briefs of the parties. Essentially for the reasons given by the administrative law judge [ALJ] in his decision dated November 20, 1991, and by the magistrate judge in his report and recommendation dated May 17, 1994, we find the Secretary's decision to be supported by substantial evidence. We add only the following. The only issue raised by appellant to the magistrate judge's report, and hence the only issue properly preserved for appeal, Keating v. Secretary of Health & Human Services, _______ _____________________________________ 848 F.2d 271, 274-75 (1st Cir. 1988), is that the Secretary failed to develop fully the facts related to appellant's claim of mental retardation and therefore that a remand was appropriate. See 42 U.S.C. 405(g). This court has not ___ hesitated to insist that the Secretary bear a responsibility for adequate development of the record in appropriate cases. See, e.g., Evangelista v. Secretary of Health & Human ___ ___ ___________ _______________________________ Services, 826 F.2d 136, 142 (1st Cir. 1987). ________ Among the factors which this court has found increase the Secretary's responsibility to develop the record are appellant's being unrepresented at the hearing and the presentation of a claim which "itself seems on its face to be substantial." See Currier v. Secretary of Health, Education ___ _______ ______________________________ & Welfare, 612 F.2d 594, 598 (1st Cir. 1980). In this case, _________ appellant was represented by counsel at the hearing before the ALJ. Moreover, appellant presented no medical evidence of a mental impairment nor did she or her counsel ever claim that a mental impairment had prevented her from being able to work. Finally, neither appellant nor counsel ever requested the ALJ to schedule a consultative examination on appellant's mental condition. In these circumstances, the Secretary was under no obligation sua sponte to develop the record. ___ ______ Affirmed. ________ -3-