USCA1 Opinion

 

 February 22, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1246 JOSEPH ROBERT GLIDDEN, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ No. 95-1372 UNITED STATES, Appellee, v. JOSEPH ROBERT GLIDDEN, Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Joseph R. Glidden on brief pro se. _________________ Jay P. McCloskey, United States Attorney, and F. Mark Terison, _________________ ________________ Assistant U.S. Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Joseph Robert Glidden appeals the district __________ court's dismissal of his second motion filed pursuant to 28 U.S.C. 2255. Glidden filed identical copies of this second motion in each of his two underlying district court criminal cases. The district court entered a judgment of dismissal in each case and we have consolidated Glidden's appeals from each judgment. We have reviewed the parties' briefs and the record on appeal. We agree with the district court's conclusion that Glidden has abused the writ, essentially for the reasons stated in the magistrate-judge's recommended decision dated December 15, 1994. We, therefore, affirm the district court ______ judgments that entered on January 30, 1995, in each of the two underlying district court cases, dismissing appellant's second motion, filed pursuant to 28 U.S.C. 2255, as an abuse of the writ. We add only the following. 1. On appeal, Glidden seeks to pursue a claim that he received ineffective assistance of appellate counsel due to Attorney Joseph L. Ferris' abandonment of his direct criminal appeals that were dismissed for want of prosecution when counsel failed to file a brief. United States v. Glidden, ______________ _______ Nos. 90-1611; 90-1612, (1st Cir. Sept. 27, 1991) (unpublished order of dismissal). This claim was, at best, presented only in skeletal form in Glidden's second 2255 motion. In any event, in his objections to the magistrate's recommended -2- decision, Glidden did not raise any objection to the magistrate's failure to address this claim and, thus, is precluded from obtaining appellate review of this claim. Keating v. Secretary of Health & Human Servs., 848 F.2d 271, _______ __________________________________ 275 (1st Cir. 1988) (per curiam) (concluding that only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal); see ___ also Henley Drilling Co. v. McGee, 36 F.3d 143, 151 (1st Cir. ____ ___________________ _____ 1994) (rejecting the contention that a litigant need not file an objection to a magistrate's failure to address a claim to _______ preserve appellate review). Further, even assuming the claim was sufficiently developed below beyond skeletal form in this second 2255 motion and then sufficiently preserved for appeal, i.e., not waived by failing to raise it in his objections to the magistrate's recommendation, it is not a miscarriage of justice to fail to consider this claim in this second 2255 motion as Glidden had both sufficient knowledge and opportunity to timely raise this claim in his first 2255 motion. Glidden was informed in April 1992 that, if he was claiming that he had not authorized Attorney Ferris to abandon his direct criminal appeals, he should inform the district court of this contention via a 2255 motion and, although by this time Glidden had appointed counsel -- -3- Attorney O'Brian -- to represent him on his first 2255 motion in the district court, Glidden did not raise this claim of Attorney Ferris' alleged unauthorized abandonment of appeals among the two new claims submitted in September 1992 to the district court as an amendment to his first 2255 motion. 2. On appeal, Glidden also seeks to raise for the first time new grounds to support a claim of ineffective assistance of counsel with respect to Attorney James Horton, who represented Glidden at his change of plea and at his sentencing. Having failed to present these grounds in the district court, Glidden is precluded from raising them for the first time on appeal. Johnston v. Holiday Inns, Inc., ________ __________________ 595 F.2d 890, 894 (1st Cir. 1979). No miscarriage of justice will occur if we decline to address them. Indeed, all appear meritless. The judgments of the district court are affirmed. _________ -4-