83 F.3d 434
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lois C. WHITE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 952106.
(D.C. No. CIV 92-203 SC/DJS)
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 ORDER AND JUDGMENT[2]
 
 1
 Before KELLY and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 
 
 2
 BROWN, Senior District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff appeals the district court's affirmance of the Secretary's denial of plaintiff's applications for disability insurance benefits and supplemental security income. We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291 and affirm.
 
 
 5
 Plaintiff claims to have been disabled since July 1989 due to diabetes mellitus, carpal tunnel syndrome, lower back problems, depression, and chest pains. After a hearing and de novo review of the record, the administrative law judge (ALJ) concluded that plaintiff's diabetes and carpal tunnel syndrome constituted severe impairments. He further concluded that, as a result of her impairments, plaintiff's ability to grip and to make a fist with her left hand was decreased, her left hand was mildly swollen, and her right hand was somewhat painful. In light of these limitations, the ALJ determined that plaintiff could not return to her past work as a cosmetologist or a secretary.
 
 
 6
 Based on testimony from a vocational expert (VE), however, the ALJ concluded that plaintiff could perform other light jobs that exist in substantial numbers in the national economy, and, therefore, that plaintiff was not disabled. When the Appeals Council denied review, the ALJ's decision became the final decision of the Secretary. The district court then affirmed the decision of the Secretary, and this appeal followed.
 
 
 7
 "We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 8
 Plaintiff raises two issues on appeal. First, she contends that there was no positive evidence in the record that she could do light work. Second, she argues that the Secretary improperly gave more weight to the opinion of a consulting physician than to the opinion of plaintiff's treating physician.
 
 
 9
 Our review of the record reveals support for the ALJ's conclusion that plaintiff could perform light work, with the hand limitations noted. See 20 C.F.R. 404.1567(b), 416.967(b) (defining "light work"). When she allegedly became disabled, plaintiff had been working as a cosmetologist. The VE testified that this job is performed at the light exertional level, and plaintiff's testimony reflected that she actually performed the job at this level.
 
 
 10
 Plaintiff testified that she stood throughout much of the day and that the heaviest weight she had to lift was a box of hair care products, which could weigh as much as twenty pounds. In her disability report, plaintiff indicated that she frequently lifted or carried up to ten pounds. Further, when asked what kept her from working as a cosmetologist, plaintiff replied that her hands and her teeth (which had required surgery as a result of diabetic complications) were what kept her at home. Thus, the record contains substantial evidence that, with the hand restrictions noted by the ALJ, plaintiff can perform light work.
 
 
 11
 By neglecting to raise her second issue in her objections to the magistrate judge's report and recommendation, plaintiff failed to preserve this issue for appellate review. See United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.1996)("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for ... appellate review."); Keating v. Secretary of Health & Human Servs., 848 F.2d 271, 275 (1st Cir.1988)(holding that claimant's objections to only two issues addressed by magistrate judge did not preserve challenges to the other issues for appellate review). Therefore, we need not address it.
 
 
 12
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 ***
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation