**Omar TORO, Plaintiff,**

v.

**MASTEX INDUSTRIES, and Carroll Stewart, Defendants.**

**No. Civ.A. 97–30022–MAP.**

United States District Court, D. Massachusetts.

Jan. 7, 1999.

---

Alan M. Katz, Katz, Sasson & Hoose, Springfield, MA, for plaintiff.

Robert L. Dambrov, Cooley, Shrair, P.C., Springfield, MA, for defendants.

## ORDER

PONSOR, District Judge.

Upon de novo review this Report and Recommendation is hereby adopted and the cross motions for summary judgment are DENIED. The clerk will set the matter for a status conference.

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 24) and PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Docket No. 27)

NEIMAN, United States Magistrate Judge.

Omar Toro ("Plaintiff") filed a complaint against his employer, Mastex Industries ("Mastex"), and its human resources manager, Carroll Stewart ("Stewart") (collectively "Defendants"), with respect to his termination effective November 27, 1995. Plaintiff avers that he was unjustly terminated in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Before the court are the parties' cross motions for summary judgment, which have been referred to the court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons which follow, the court recommends that both motions be denied.

## I. SUMMARY JUDGMENT STANDARD

In accord with Fed.R.Civ.P. 56(c), summary judgment will be granted if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law" *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 140 (1st Cir.1998). Once the moving party has asserted that no genuine issue of material fact exists, the opposing party has the burden to contradict that assertion "by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995). A "genuine" issue is one " 'that a reasonable jury could resolve . . . in favor of the nonmoving party.' " *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995) (quoting *United States v. Plat 20, Lot 17,*

*Great Harbor Neck, New Shoreham, R.I.,* 960 F.2d 200, 204 (1st Cir.1992)). Not every genuine factual conflict, however, necessitates a trial. It is only when a disputed fact has the "potential to affect the outcome of the suit under the governing law," if found favorably to the nonmovant, that the materiality hurdle is cleared. *Hinchey,* 144 F.3d at 140 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The fact that both parties move for summary judgment does not change the foregoing analysis. *United Paperworkers Int'l Union Local 14, AFL—CIO—CLC v. Int'l Paper Co.,* 64 F.3d 28, 32 n. 2 (1st Cir.1995). Barring special circumstances, a "court must consider each motion separately, drawing inferences against each movant in turn." *Reich v. John Alden Life Ins. Co.,* 126 F.3d 1, 6 (1st Cir.1997).

## II.  *FACTUAL BACKGROUND*

Plaintiff had been employed as a knotter by Mastex, a textile manufacturer, since August 7, 1992. In the last week of October, 1995, Plaintiff found out that his wife, who was living in Colombia at the time, needed a mastectomy. On November 2, 1995, Plaintiff requested leave to care for his wife, beginning on or around November 24, 1995. Also on November 2, 1995, Plaintiff sent an FMLA leave of absence form via express mail to his wife's doctor in Colombia.

On November 16, 1995, Stewart, Mastex's human resources manager, spoke with Plaintiff and told him that his leave had not been granted because the medical certification form had not yet been returned. Stewart claims to have told Plaintiff that, if Plaintiff left without providing the medical certification, he would be leaving without Defendants' permission. Plaintiff stated that he would return the necessary form.

The medical certification form was completed by Plaintiff's wife's physician on or around November 14, 1995. However, by November 21, 1995, when Plaintiff left for Colombia, he had not yet received the form from his wife's physician. Plaintiff left anyway and gave his mailbox key to his sister-in-law. Plaintiff claims to have asked his sister-in-law to check his mailbox daily. Plaintiff's wife's mastectomy was performed in November 25, 1995.

When Plaintiff did not appear for work for three consecutive days, Defendants considered him a "no show" and terminated him in a letter dated November 27, 1995. The no show attendance rule is delineated in the Mastex's policy handbook which Plaintiff received. (Docket No. 28 at Exh. 4.) On December 7, 1995, Plaintiff's sister-in-law hand delivered the completed medical certification form to Defendants.

## III.  *DISCUSSION*

### A.  *Legal Framework*

Plaintiff claims that he was improperly terminated because of his exercise of rights guaranteed under the FMLA. As applicable here, the FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period ... in order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Following a qualified leave, an employee is entitled to return to the same or an alternate position with equivalent pay and benefits. 29 U.S.C. § 2614(a)(1); 29 C.F.R. § 825.100(c).

The First Circuit recently took the opportunity to explain the rights created by the FMLA, and the manner in which courts should analyze FMLA disputes. *Hodgens v. Gen. Dynamics, Corp.,* 144 F.3d 151 (1st Cir.1998). The court recognized two types of FMLA rights: first, certain substantive entitlements which the court described as "prescriptive," and, second, certain protections from discrimination which the court termed "proscriptive." *Id.* at 159–60. When prescriptive rights are at issue, "[t]he issue is simply whether the employer provided its employee the entitlements set forth in the FMLA—for example, a twelve-week leave or reinstatement after taking a medical leave." *Id.* at 159. "Because the issue is the right to an entitlement," the court explained, "the employee is due the benefit if the statutory

requests are satisfied, regardless of the intent of the employer." *Id.* With prospective rights, however, the court stated that an employer's motive *is* relevant "and the issue is whether the employer took the adverse action because of a prohibited reason or for a legitimate nondiscriminatory reason." *Id.* at 160. The analysis of such alleged discrimination in the absence of direct evidence, the court explained, is to be undertaken in accord with *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 800–06, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Id.*

Although the parties do not describe their respective claims in this manner, it is apparent that their dispute falls on the prescriptive side of the equation, at least for purposes of their cross-motions for summary judgment. Plaintiff argues that he was denied a right secured by the FMLA. Defendants allege that Plaintiff's FMLA rights were never triggered. Because there are genuine and material facts at issue concerning the parties' respective compliance with the FMLA, the court believes that both motions should be denied.[1]

### B. Defendants' Motion for Summary Judgment

Defendants assert that Plaintiff's claim must fail in its infancy. In essence, Defendants argue that Plaintiff failed to comport with the requirements for foreseeable leave under the FMLA and that, accordingly, Plaintiff was not a covered employee under the statute. Defendants claim, therefore, that they were justified in denying Plaintiff's request to return to work on or about December 28, 1995.

In support, Defendants point to the FMLA requirement that an employee must provide his employer with no less than thirty days advance notice when the need for FMLA leave is foreseeable. *See* 29 U.S.C. § 2612(e)(1); 29 U.S.C. § 2612(2)(B); 29 C.F.R. § 25.302. "If an employee fails to provide in a timely manner a requested med-

ical certification to substantiate the need for FMLA leave due to a serious health condition," the regulations continue, "an employer may delay continuation of FMLA leave until an employee submits the certificate. If the employee never produces the certification, the leave is not FMLA." 29 C.F.R. § 825.312(b). If the court were to find that Plaintiff failed to comport with these requirements, Defendants conclude, Plaintiff cannot meet the initial prerequisites of his claim.

In opposition, Plaintiff argues that his need for an FMLA leave was unforeseeable and that his claim must be measured under less stringent procedural requirements. FMLA regulations provide that, "when the approximate timing of the need for leave is not foreseeable, an employee should give notice to the employer of the need for FMLA leave *as soon as practicable under the facts and circumstances of the particular case."* 29 C.F.R. § 825.303 (emphasis added). In the instant matter, Plaintiff claims, it was not practicable for him to provide medical certification in advance.

As a preliminary matter, the court finds no support for Defendants' claim that the FMLA does not contemplate an exception for impracticability and that, to the extent the regulations allow that possibility, they are contrary to Congressional intent and unenforceable. First, regulations promulgated by the agency charged with the implementation of a statute are to be given great deference by a court. *Hodgens,* 144 F.3d at 165 (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Duckworth v. Pratt & Whitney, Inc.,* 152 F.3d 1, 10 (1st Cir.1998). Here, Congress authorized the Secretary of Labor to promulgate regulations "necessary to carry out" the FMLA. 29 U.S.C. § 2654.

Second, it is readily apparent how the regulations cited by Plaintiff square with Congressional intent. The statutory requirement that an employee provide medical

---

1. This is not to say that the proscriptive side of the equation will not come into play at trial. If, in fact, Plaintiff succeeds in proving that Defendants failed to provide his FMLA benefits—an inquiry which in many ways parallels the first prong of the *McDonnell Douglas* analysis—he may seek to prove as well, for purposes of enhancing his claim for damages, that his termination was discriminatory.

certification "in a timely manner" contemplates the practical approach incorporated into the regulations. As the First Circuit recently noted, "it is a familiar canon of statutory construction that remedial regulations, such as the FMLA, should be construed broadly to effectuate its purposes." *Hodgens,* 144 F.3d at 164 (citations and quotation marks omitted). "The fundamental purpose of the FMLA," the court continued, "is to entitle employees to take reasonable leave for medical reasons, . . . [and] to help working men and women balance the conflicting demands of work and personal life." *Id.* (citing 29 U.S.C. § 2601 and *Price v. City of Fort Wayne,* 117 F.3d 1022, 1024 (7th Cir.1997)). In this court's opinion, these purposes are accomplished through the FMLA's implementing regulations at issue here.

There is no dispute that, when leave is foreseeable, an employer has wide latitude to delay or deny medical leave without proper certification. 29 C.F.R. § 825.312. "If an employee fails to give timely advance notice when the need for FMLA leave is foreseeable the employer may delay the taking of FMLA leave until thirty days after the date the employee provides notice to the employer of the need for FMLA leave." 29 C.F.R. § 825.312(a). If an employee fails to provide a requested medical certification in a timely manner, the employer may delay the FMLA leave until the employee submits the certificate. "If the employee never produces the certification, the leave is not FMLA leave." 29 C.F.R. § 825.312(h). It is this regulatory cluster upon which Defendants rely.

■ These regulations cannot be read in a vacuum, however. Other FMLA regulations provide that, "when the leave is foreseeable and at least thirty days notice has been provided, the employee *should* provide the medical certification before the leave begins."

29 C.F.R. § 825.305 (emphasis added). "When this is not possible, the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least fifteen calendar days after the employer's request), *unless it is not practicable under the particular circumstances to do so despite the employee's diligent good faith efforts.*" 29 C.F.R. § 825.305 (emphasis added). Thus, even when leave is foreseeable, which appears to be measured by a lead time of thirty days, the regulations contemplate situations in which an employee may be unable to provide the requisite certification before leave is to begin. It is only when an employee completely fails to certify the medical need for his leave that his leave may be deemed unauthorized. *See* 29 C.F.R. § 825.311.[2]

■ In the court's opinion, there are genuine and material issues of fact with respect to many of the parties' respective rights and obligations under the FMLA and its regulatory scheme. The immediate factual dispute is whether or not Plaintiff's need for leave was foreseeable. Plaintiff maintains that his claim fits more squarely within the coverage for unforeseeable leave. At oral argument, Defendants made clear their position that they are entitled to a judgment as a matter of law whether Plaintiff's leave was foreseeable or unforeseeable. Whatever, the record holds only that Plaintiff became aware during the last week of October, 1995, of the need to attend to his wife in Colombia. Given the fact that Plaintiff's wife underwent surgery on November 25, 1995, it is unclear whether he had at least a thirty-day foreknowledge of his need for leave.

More fundamentally, there is a genuine factual dispute with respect to the practicability of providing medical certification in a timely manner, whether or not the Plaintiff's

2. Here, too, there are exceptions. Although, by regulation, an employer generally may not designate an FMLA leave after the employee has returned to work, one exception provides that if an "employer knows the reason for the leave but has not been able to confirm that the leave qualifies under the FMLA, or where the employer has requested medical certification which has not yet been received . . . , the employer should make a preliminary designation, and so notify the employee at the time leave begins, or as soon as the reason for the leave becomes known. Upon receipt of the requisite information from the employee or the medical certification which confirms the leave is for an FMLA reason, the preliminary designation becomes final." 29 C.F.R. § 825.208(e)(2).

need for leave was foreseeable. On the one hand, the facts suggest that Plaintiff attempted to submit his medical certification as soon as practicable. There is apparently no dispute, at least for purposes here, that, upon receipt of the medical certification form, Plaintiff completed the appropriate portion and called his wife in Colombia. He told her that she would need to have her physician complete another portion of the form and mailed it to her the next day to accomplish just that. When Plaintiff asked his wife whether the completed form had been mailed to Defendants, she assured him that it had been.

On the other hand, Stewart told Plaintiff on November 16, 1995, that he would be leaving without permission if the medical certification was not received by the time he left for Colombia. In addition, Defendants maintain, once Plaintiff arrived in Colombia he should have made sure that the medical certification was returned by either facsimile machine or express mail. Defendants also dispute that Plaintiff told Stewart that his sister-in-law would be checking his mail and would deliver the medical certification form as soon as practicable. Defendants claim that, when Plaintiff's sister-in-law came to deliver the form, they were unaware of who she was.

As Plaintiff maintains, however, there is countervailing evidence to support the impracticability of Defendants' suggested alternatives. First, Plaintiff asserts that, when he arrived in Colombia, he came to understand that the form was already en route to Defendants. In addition, Plaintiff avers that, as a factory laborer, he had never used a facsimile machine and did not know how to send a facsimile to his employer.

At bottom, the court believes that the parties' divergent factual presentations must be resolved at trial. In particular, the timing requirement surrounding the submission of the medical certification must be examined in light of all the attendant circumstances. *Satterfield v. Wal–Mart Stores,* 135 F.3d 973, 977 (5th Cir.1998) (if rational triers of fact could differ in the accuracy of notice, summary judgment is inappropriate); *Hopson v. Quitman County Hosp. and Nursing Home,*

*Inc.,* 126 F.3d 635, 640 (5th Cir.1997) (what is practicable in terms of timing is a question of fact for a jury); *Manuel v. Westlake Polymers Corp.,* 66 F.3d 758, 764 (5th Cir.1995) (what is practicable is based on the facts and circumstances of each case). *See also Hodgens,* 144 F.3d at 165 (claimant would be entitled to survive summary judgment if a rational trier of fact could find that at least four consecutive days' worth of absences were medically necessary and therefore rendered him 'unable to perform' his job, within the meaning of 29 U.S.C. § 2612(a)(1)(10)); *Watkins v. J & S Oil Co., Inc.,* 977 F.Supp. 520, 523 (D.Me.1997) (summary judgment denied as court "cannot conclude as a matter of law that plaintiff's actions absolved defendant of its duties under the FMLA"). Since Defendants forge no other challenge to Plaintiff's claim at this time, the court will recommend that their motion for summary judgment be denied.

### C. Plaintiff's Motion for Summary Judgment

Plaintiff argues that strict liability applies to any attempt by an employer to deny a right secured under the FMLA. To the extent that the statute declares liability for various violations of the FMLA without requiring a plaintiff to demonstrate some intentional component, there are indeed situations which mandate strict liability under the statute. 29 U.S.C. § 2615(a)(1); *Satterfield,* 135 F.3d at 976. Plaintiff alleges that Defendants' failure to apprise him of the timing requirement of the FMLA when he requested leave mandates strict liability, even though Plaintiff appears to have conceded in the parties' joint pre-trial memorandum that he was told about the fifteen-day requirements. (*See* Docket No. 21.) Given that the court has found that there are significant factual disputes with respect to the full panoply of governing regulations, strict liability will not lie. The court will therefore recommend that Plaintiff's motion for summary judgment be denied.

## IV. CONCLUSION

For the foregoing reasons the court will recommend that both motions for summary judgment be DENIED.[3]

---

**3.** The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services,* 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.