**Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2171

LUIS M. ARIAS,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Rafael Colon Flores on brief for appellant.
H.S. Garcia, United States Attorney, Camille Velez-Rive, Assistant United States Attorney, and Karen B. Burzycki, Assistant Regional Counsel, on brief for appellee.

July 24, 2003

**Per Curiam**. Claimant Luis M. Arias appeals from the judgment of the district court affirming the partial denial of Social Security disability benefits. The Commissioner of Social Security determined that claimant was disabled, and thus was entitled to such benefits, as of November 1, 1997, but not before. Claimant contends that he became disabled as of March 31, 1995 -- the date of onset he originally had alleged in his application.

Claimant, who suffers from prostate cancer and a mental impairment, worked at Damas Hospital in Puerto Rico until March 31, 1995, when he was fired. The Commissioner rejected this as an onset date because claimant had worked subsequent to this time at Auto Mart de Ponce, and this work had amounted to substantial gainful employment. Claimant stopped this second job in March 1996. However, the Commissioner determined that from April 1996 through the end of October 1997, claimant had retained the residual functional capacity to perform his past work. It was not until claimant's cancer had metastasized in approximately November 1997 that the Commissioner found that claimant had become disabled.

On appeal, claimant argues that his job at Auto Mart was an unsuccessful work attempt and thus did not amount to substantial gainful activity. See Social Security Ruling 84-25, <u>Determination of Substantial Gainful Activity if Substantial Work Activity is Discontinued or Reduced -- Unsuccessful Work Attempt</u>, 1984 WL 49799. However, claimant never presented this argument below. It

is settled that arguments which could have been presented to the district court, but were not, generally are waived on appeal. Windsor Mount Joy Mut. Ins. Co. v. Giragosian, 57 F.3d 50, 56 n.7 (1st Cir. 1995).

Even assuming, without deciding, that claimant's job at Auto Mart was an unsuccessful work attempt, the onset date of November 1, 1997 initially established by the administrative law judge (ALJ) is supported by substantial evidence. See Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) ("[t]he ALJ's findings of fact are conclusive when supported by substantial evidence"). In this regard, there are two time periods in issue: (1) April 1996 through the end of October 1997 -- the period during which the ALJ concluded that claimant could perform his past work; and (2) April 1995 through March 1996 -- the period the ALJ did not adjudicate because he had found that claimant had been engaged in substantial gainful activity during this time. As for the adjudicated time period, the ALJ concluded that claimant (1) retained the residual functional capacity (RFC) for light work, (2) could walk or sit for up to six hours each in an eight-hour work day, and (3) did not have any limitations on his ability to engage in mental work-related activities.

In relation to his physical impairment, claimant argues only that because he never had recovered from his cancer, he became disabled on March 31, 1995. However, claimant does not address the

-3-

real issue -- the impact of his cancer on his capacity to perform the exertional requirements of work. A review of the record nonetheless indicates that claimant experienced little in the way of physical limitations as the result of his prostate cancer during the relevant time.

After claimant's surgery (November 1993), claimant reported that he essentially was doing well. And, although claimant's PSA levels were increasing in July and November 1996, there were no reports by claimant of any physical complaints. Indeed, claimant's treating physician completed a Genito-Urinary Medical Report, dated November 11, 1996, in which he indicates that claimant's only limitations were that he was precluded from heavy lifting and strenuous exercise. In addition to the foregoing, an RFC assessment, completed by a non-examining physician in 1996 and affirmed by a second non-examining physician in April 1997, found that claimant was capable of performing medium work. Thus, the ALJ's decision that, from April 1996 through the end of October 1997, claimant retained the exertional RFC to perform his past work -- which was light -- is supported by substantial evidence.

As for claimant's mental impairment, the ALJ concluded that this condition was not severe during the period from April 1996 through the end of October 1997. Claimant argues that the ALJ was required to give controlling weight to the opinion of Dr. Ruben Rivera Carrion that claimant essentially was incapable of

-4-

performing any work due to his mental impairment.  We disagree and find that substantial evidence supports the ALJ's decision regarding the non-severity of this impairment.

First, Dr. Rivera did not have a long treatment relationship with claimant, having seen claimant on only three occasions.  Second, Dr. Rivera's conclusions about the severity of claimant's mental impairment are not consistent with the other substantial evidence in the record.  See Keating v. Secretary of Health and Human Services 848 F.2d 271, 275-76 (1st Cir. 1988) (per curiam) (the conclusions of a treating physician regarding disability may be rejected by the Commissioner where contradictory medical evidence appears in the record).  In particular, both of the consultative psychiatrists who had examined claimant opined that claimant was coherent, relevant, logical, and oriented; they also found that claimant's memory was intact.  And, although Dr. Luis A. Toro found that claimant's capacity for concentration had slightly diminished, Dr. Carmen M. Cotto-Perez found that it was satisfactory.  See Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982) ("a treating physician's diagnosis is not necessarily entitled to more weight than that of a [physician] who examines the claimant only once").

Further, two of the non-examining physicians who completed Psychiatric Review Technique forms specifically opined that claimant's mental impairment was not severe.  And, both Drs. Cotto

-5-

and Toro never indicated that claimant was incapable of working due to his emotional problems.  Although the report of Dr. Rivera conflicts with the above, the resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts.  See Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

Given the above, we see no reason for a remand for a decision regarding the un-adjudicated period of April 1995 through March 1996.  In particular, there simply is no indication that either of claimant's impairments were worse during this earlier time.  It therefore is clear that, based on the evidence in the record and the findings the ALJ already had made, only one result could obtain for this earlier time -- that claimant retained the RFC for light work and that he did not have any limitations on his ability to engage in mental work-related activities.  As a result, claimant did not become disabled until November 1, 1997 the onset date established by the Commissioner.

Affirmed.